## POWELL v. UNITED STATES. *

Circuit Court of Appeals, Ninth Circuit.
November 25, 1929.

No. 5849.

*Rehearing denied January 13, 1930.

942

Charles H. Miller, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment of conviction under an information containing three counts. The first count charged the unlawful possession of intoxicating liquor, the second count charged a prior conviction for a like offense, and the third count charged the maintenance of a common nuisance. The errors assigned are without substantial merit.

Counsel for appellant asked a witness if he knew the general reputation of one of the government witnesses in the city of Bremerton as a law-abiding citizen. An objection to the question was sustained, and upon this ruling error is assigned. The question was not limited to the general reputation of the witness for truth and veracity, and the ruling was therefore proper. Furthermore, the appellant was permitted to offer proof that the witness in question kept a bootlegging joint and a bawdyhouse and lived off of the earnings of prostitutes. This would seem latitude enough.

The court admitted in evidence the record of a prior conviction of the appellant, and it is claimed that in so doing his constitutional rights were invaded. It was competent for the government to allege the prior conviction, and the burden was on it to prove the charge by producing the record of conviction. How it can be said that the introduction of this record invaded the constitutional rights of the appellant, we do not know, nor has counsel enlightened us.

The intoxicating liquor possessed by the appellant consisted of about 40 gallons in a barrel of 52-gallon capacity. Counsel for appellant requested that this barrel be brought from the city of Seattle, where it was in storage, to the city of Tacoma, where the case was on trial, and the court replied that it would make the order if the appellant would bear the expense. This ruling is assigned as error. Why it was necessary to produce the barrel in court, we are not advised. There was never any question over its contents, and the request for its production would seem to be an idle gesture. In any event, the appellant was permitted to pro-

duce the barrel, and, if he paid $25 for its transportation, as claimed, the most that can be said is that the investment was an improvident one.

The fourth assignment of error is based on the denial of a motion to dismiss at the close of the testimony offered by the government, but, inasmuch as the appellant offered testimony in his own behalf after the motion was denied, the error, if any, was waived.

After a recess of the court, counsel for appellant stated to the court that it had been brought to his attention that two of his witnesses had been arrested in the courtroom, and he requested the court to instruct the marshal to bring the witnesses into court in order that the jury might look into their faces and determine their character, or lack of it. Inasmuch as the witnesses had already appeared before the jury once, it is not at all clear that any good could come from a second appearance. The practice of arresting witnesses during the progress of a trial is not to be commended. If it is done for the purpose of intimidating witnesses, or influencing the jury, it is a plain attempt to obstruct the administration of justice, and should be punished as a contempt. But nothing of that kind is shown to have taken place here. If as a matter of fact the witnesses were arrested in the presence of the jury, counsel should have brought that fact to the attention of the court by affidavit and demanded an investigation in order that the court might determine before the case was submitted to the jury whether any harm had been done and whether a mistrial should be ordered. Counsel could not speculate on the verdict and then raise the question for the first time on motion for a new trial. Marco v. United States (C. C. A.) 26 F.(2d) 315.

It is next assigned as error that the court should have instructed the jury to disregard a statement or offer made by the United States Attorney during the trial; but it is sufficient to say that there was no request for any such instruction.

The seventh assignment of error is based on the claim that the court should have instructed the jury that the Supreme Court of the state had held that property is presumed to be owned by the person in whose name it stands. This request was not made until the close of the charge to the jury, and was not acted upon by the court; nor was there an exception to the failure of the court to so instruct. In any event, as said by the court below, the question as to the ownership of the real property was utterly immaterial.

The last assignment of error is based on the order denying a motion for a new trial. Such motions are addressed to the sound discretion of the trial court, and are not ordinarily reviewable on appeal. This case forms no exception to the general rule.

The judgment is affirmed.