## MUYRES v. UNITED STATES.
### No. 8179.

Circuit Court of Appeals, Ninth Circuit.

April 21, 1937.

Harry Graham Balter and L. A. Bloom, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Joseph J. Irwin and Jack Powell, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

The indictment in this case contains two counts. The first count charges that Edward Harold Ryman, Karl L. Woolsey, John Murray Cheney, Franklin Dolph Le-Sieur, Thomas Burke Ryan, John F. Muyres, and George J. Muyres transported and caused to be transported in interstate commerce from the state of Arizona to Huntington Park, Cal., certain securities, to wit, bonds, of the value of more than $5,000 theretofore stolen from Nellie P. Covert, knowing the same to have been stolen, thereby violating section 3 of the Act of May 22, 1934, c. 333, 48 Stat. 794 (18 U.S.C.A. § 415).[1] The second count charges that said defendants conspired to commit the offense charged in the first count and did certain acts to effect the object of the conspiracy, thereby violating section 37 of the Criminal Code, 35 Stat. 1096 (18 U.S.C.A. § 88).[2]

Ryman and Woolsey pleaded guilty. The case was dismissed as to Cheney. LeSieur was never brought to trial. Ryan and the two Muyres defendants were tried. Ryan and John F. Muyres were convicted on both counts. George J. Muyres was convicted on the second count only. John F. Muyres prosecutes this appeal.

There are four assignments of error. Assignment 1 is to the admission of evidence. It does not quote the full substance of the evidence admitted, as required by our rule 11, and is therefore disregarded. Wheeler v. United States (C.C.A. 9) 77 F.(2d) 216, 218; Levine v. United States (C.C.A. 9) 79 F.(2d) 364, 367.

Assignment 2 is that the trial court erred in denying appellant's motion for a directed verdict. Such a motion was made and denied, but the ruling was not excepted to and, therefore, will not be reviewed.

[1] Section 3 provides: "Whoever shall transport or cause to be transported in interstate . . . commerce any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more theretofore stolen, . . . knowing the same to have been so stolen, . . . shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both."

[2] Section 37 provides: "If two or more persons conspire . . . to commit any offense against the United States, . . . and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,-000, or imprisoned not more than two years, or both."

Smith v. United States (C.C.A. 9) 41 F.(2d) 215, 217; Meehan v. United States (C.C.A. 9) 70 F.(2d) 857, 859; Baldwin v. United States (C.C.A. 9) 72 F.(2d) 810, 812; Hargreaves v. United States (C.C.A.9) 75 F. (2d) 68, 69, 73; Corrigan v. United States (C.C.A. 9) 82 F.(2d) 106, 109.

Assignment 3 is that the trial court erred "in failing and refusing to give to the jury instruction No. 4 requested by [appellant]." This alleged error is not specified in appellant's brief, as required by our rule 24, and is therefore disregarded. Love v. United States (C.C.A. 9) 74 F.(2d) 988; Lonergan v. United States (C.C.A. 9) 88 F.(2d) 591, decided March 4, 1937.

Assignment 4 is that the trial court erred "in failing and refusing to give to the jury instruction No. 13 as requested by [appellant]." The record shows no such request. This assignment, therefore, cannot be considered. Levine v. United States, supra (C.C.A.) 79 F.(2d) 364, at page 370; Lonergan v. United States, supra.

Judgment affirmed.