### MUYRES v. UNITED STATES.

### No. 8208.

Circuit Court of Appeals, Ninth Circuit.

April 21, 1937.

Russell Graham, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Joseph J. Irwin and Jack Powell, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

Having been convicted on the conspiracy count of the indictment considered by us in Muyres v. United States (C.C.A. 9) 89 F.(2d) 783, George J. Muyres prosecutes this appeal.

Appellant, at the conclusion of all the evidence, moved the court for a directed verdict, on the ground that the evidence against him was insufficient to warrant submission of the case to the jury. The motion was denied. This ruling was excepted to and is assigned as error. The assignment is well taken. There was evidence that defendant Ryman stole the bonds described in the indictment, and that defendants Ryman, Woolsey, Ryan, and John F. Muyres conspired to and did on October 22, 1935, transport the bonds from Phœnix, Ariz., to Huntington Park, Cal., but there is no evidence that appellant had any part in or any knowledge of the theft, the conspiracy, or the transportation.

There was evidence that on October 15, 1935, before the bonds were transported to California, John F. Muyres went to Los Angeles, Cal., where appellant resided, and there had a conversation with appellant in which he told appellant that he, John F. Muyres, had some bonds which he would like to have appellant dispose of for him, but there was no evidence that he told appellant, or that appellant then knew or had any reason to believe, that the bonds referred to in this conversation were stolen bonds, or that they were to be transported from Arizona to California.

There was evidence that after the stolen bonds had been transported to California, appellant, on and after October 23, 1935, disposed of some of them for John F. Muyres, but there was no evidence that appellant then knew or had any reason to

believe that the bonds had been stolen, or that they had been transported from Arizona to California.

Appellant's motion for a directed verdict should have been granted.

Judgment reversed.