## WAGGONER v. UNITED STATES.
### No. 9008.

Circuit Court of Appeals, Ninth Circuit.
July 26, 1940.

Rehearing Denied Aug. 30, 1940.

Daniel A. Knapp and Fred W. Heath, both of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and William F. Hall and Walter M. Campbell, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

M. E. Waggoner and eight others[1] were indicted for violating § 215 of the Criminal Code, 18 U.S.C.A. § 338.[2] The indictment was in six counts. Each count charged that, having devised a scheme to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, Waggoner and his codefendants, for the purpose of executing the scheme, placed a described letter in the United States post office at Los Angeles, California, to be sent and delivered by the

[1] Paul B. Roubay, J. Clare Thorp, E. C. Nelson, Paul H. Phelps, Benjamin F. Boyd, Martin Heyman, George W. Padgham and Allen J. Adams.

[2] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * shall, for the purpose of executing such scheme or artifice * * * place, or cause to be placed, any letter * * * in any post office * * * of the United States * * * to be sent or delivered by the post office establishment of the United States * * *, shall be fined not more than $1,000, or imprisoned not more than five years, or both."

post office establishment of the United States. Waggoner and seven of his co-defendants[3] were arraigned, pleaded not guilty and were brought to trial. Waggoner was convicted and sentenced on counts 1, 3, 4 and 5, and has appealed.

There are twenty assignments of error.[4] Assignments 1, 2 and 3 are that the court erred in refusing requests said to have been made by appellant for an instructed verdict. The bill of exceptions shows· no such request. We have nevertheless reviewed the evidence and find that it amply supports the jury's verdict.

Assignments 4 to 8, inclusive, are to the admission of evidence. None of them quotes the grounds urged at the trial for the objection or the exception taken—if indeed there was any objection or exception—or the full substance of the evidence admitted, as required by Rule 2(b)[5] of our rules governing criminal appeals. Hence, these assignments will not be considered.

Assignments 9 and 10 were not urged in this court and, therefore, are deemed to have been waived.

Assignments 11 to 19, inclusive, are to the charge of the court. Assignments 13 to 17, inclusive, relate to instructions given. Assignments 11, 12, 18 and 19 relate to instructions not given. Appellant, so far as the record shows, did not except to the charge or to any instruction given or to the court's failure to give other instructions. Hence, these assignments can avail him nothing.

Assignment 20 reads: "The court erred in other respects in giving and refusing instructions, more particularly as follows, and in admitting in evidence documentary evidence and oral testimony which was not then or at any time during the trial shown to have any connection with [appellant], and as to which [appellant] was not shown to have any knowledge guilty or otherwise, more particularly as follows: The Court erred in other respects in giving and refusing instruc-

tions." What instructions or what evidence the assignment refers to, we do not know. The asserted error is not set out with particularity, as required by Rule 2 (a)[6] of our rules governing criminal appeals. Hence, this assignment will not be considered.

Judgment affirmed.

---

[3] Roubay, Thorp, Nelson, Phelps, Boyd, Heyman and Padgham.

[4] Assignments of error referred to in the opinion are the amended assignments dated May 1, 1939.

[5] "When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the grounds urged at the trial for the objection and the exception taken and the full substance of the evidence admitted or rejected."

[6] "The appellant shall file with the clerk of the trial court, an assignment of errors, numbering each, and shall set out separately and particularly each error asserted and intended to be urged."