## ROUBAY v. UNITED STATES.
### No. 9009.

Circuit Court of Appeals, Ninth Circuit.

Oct. 25, 1940.

Paul W. Beidler, of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Wm. F. Hall, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Roubay appeals from a judgment of conviction on five counts charging a scheme to defraud through use of the mails in violation of Title 18, Section 338 of the United States Code, 18 U.S.C.A. § 338. On Roubay's suggestion that he was without counsel and without funds to employ one on his appeal, the counsel appearing here volunteered to undertake its prosecution and, with assisting counsel, studied and shortened a record of 6,000 pages and ably presented his case.

Roubay was the leader of the group of swindlers in the conspiracy to defraud through the use of the United States mails which is considered in our opinion in Waggoner v. United States, 9 Cir., 113 F.2d 867. The record clearly shows his dominating participancy in the conspiracy and his counsel is compelled to make no contention that the judgment on four of the five counts of the indictment should be reversed, save with respect to an instruction later considered.

One count, the first, is contended to have no evidence to support a finding that the indictment letter was in fact sent through the mails. The exception relied on as warranting a consideration of the contention is to a refusal to direct a verdict of not guilty on a motion of which the ground

stated is, "That there is a total lack of competent evidence in the record to justify the court to submit the case to the jury."

Since there was such abundant evidence to go to the jury on four of the five counts that no question can·be raised as to them, it is apparent that it was not error to deny the request for the directed verdict.

No deficiency with regard to proof of mailing the letter of the first count was called to the attention of the court. Despite the absence of any exception we have examined the evidence. The letter, which concerned negotiations with one of the parties sought to be defrauded, and was written on the stationery of one of the conspirators' companies, and an envelope of the same company with its postage stamp cancelled on the date of the letter, the envelope addressed by the same typing machine as the letter, were together offered by the government and received in evidence without objection. This, with the evidence of the writer of the letter, Waggoner, another conspirator, who admitted signing it and of the transaction with its addressee, constituted sufficient evidence to warrant the jury's inference of its mailing. Cf. People v. Graves, 137 Cal.App. 1, 9, 12, 29 P.2d 807, 30 P.2d 508. There was no denial of justice in permitting the. jury to consider the evidence in the first count.

A part of the conspiracy was the representation that.gold which has escaped the milling process and was embodied in mill tailings was gold bullion in warehouse. Roubay stated to Waggoner that he was making arrangements to have a company act as warehouseman for dumps on the Commanche Mine and was going to have that company issue warehouse receipts in accordance with the Field Warehouse Act. Waggoner, in explaining the statement in the minutes of July 1, 1935, of The Acceptance and Exchange Company, another of the conspirators' companies, referring to "gold and silver bullion now warehoused," stated that he thought the words "now warehoused" meant a "field warehouse." Defendant Nelson testified that Roubay told him trade acceptances were issued against dumps designated as government warehouses, which was authorized "in the 1933 Natural Resource Act."

Thus, the existence of an "Act of Congress," a law of the United States which authorized the field warehousing of dumps of ore and the issuing of securities against such dumps was an issue in the case. Questions of whether dumps of the Commanche Mine could lawfully be subjected to what is known as "field warehousing," and whether the evidence showed the actual warehousing of any sort of bullion, ore, or dumps, or otherwise, were also raised by the above testimony.

The court instructed the jury concerning this contention of the warehousing activities of the conspirators, that they had not complied with any of the several statutes of the United States concerning warehousing. The statutes which were described by the district judge provided for warehousing other than for gold in mill tailings.* It is contended the instruction that the defendants had not complied with any of them injected a false issue into the litigation likely to mislead the jury. Assuming, arguendo, that the instruction was error, the evidence as a whole is so convincing of the guilt of the appellant he suffered no prejudice.

Another assignment of error is abandoned by non-presentation in the brief. Waggoner v. United States, 9 Cir., 113 F. 2d 867, 868. Another concerns the denial of the motion in arrest of judgment and another the denial of the motion for new trial, which are not assignable error. Sutton v. United States, 9 Cir., 79 F.2d 863, 865.

Judgment affirmed.

---

* 7 U.S.C.A. §§ 242–272; 19 U.S.C.A. §§ 1311, 1312.