## UTLEY v. UNITED STATES.
### No. 9370.

Circuit Court of Appeals, Ninth Circuit.

Oct. 25, 1940.

Writ of Certiorari Denied Jan. 6, 1941.

See 61 S.Ct. 440, 85 L.Ed. ——.

A. Brigham Rose, of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted in two counts. Count 1 charged that appellant had purchased, sold, dispensed and distributed approximately 200 grains of smoking opium which was not in, nor from, the original stamped package—a violation of § 2553(a) of the Internal Revenue Code,[1] 26 U.S.C.A. Int.Rev.Code, § 2553(a). Count 2 charged that appellant had fraudulently received, concealed, bought and sold, and had facilitated the transportation and concealment of, approximately 200 grains of smoking opium, knowing the same to have been imported into the United States contrary to law—a violation of § 2(c) of the Opium Act of 1909, as amended,[2] 21 U.S.C.A. § 174. Appellant was arraigned, pleaded not guilty, was tried, convicted and sentenced on both counts, and has appealed.

There are 38 assignments of error. Five of the assigned errors (assignments 1, 8, 9, 16 and 34) were not specified in appellant's brief, as required by our Rule 20(e), nor were they argued in appellant's brief or orally. Twelve others (assignments 5, 13, 14, 19, 26–33) were specified, but were not argued. These assigned errors are, therefore, deemed to have been waived.

Of the remaining assignments, nine (assignments 3, 4, 6, 7, 10, 15, 20, 36 and 37) are not proper assignments of error, but are mere misstatements of the record. Assignments 3 and 36 state that certain motions were made at the conclusion of the government's case and were denied. Assignments 4 and 37 state that certain motions were made at the conclusion of the entire case and were denied. Assignments 6, 7, 10, 15 and 20 state that certain rulings were excepted to by appellant. These statements are false. The motions referred to were not made; the exceptions referred to were not taken. These assignments present nothing for review.

There remain for consideration assignments 2, 11, 12, 17, 18, 21–25, 35 and 38.

Assignment 2 is that the court erred in denying appellant's motion for a new trial. This ruling was not assignable as error. Sutton v. United States, 9 Cir., 79 F.2d 863, 865.

Assignment 11 is that the court erred in permitting the trial to proceed after a government witness, in response to a question by government counsel, had testified to a conversation between appellant and one Greetan. The record shows that the question was not objected to, but that, after it had been answered, appellant's

---

[1] Section 2553(a) provides: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original stamped package or from the original stamped package * * *." One of the drugs mentioned in § 2550(a) is opium. Section 2557(b) provides: "Any person who violates or fails to comply with any of the requirements of this subchapter [§§ 2550–2565] * * * shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court."

[2] Section 2(c) provides: "If any person fraudulently or knowingly * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any * * * narcotic drug * * * knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years."

counsel asserted that the asking of it constituted "prejudicial misconduct." There was, however, no request that a mistrial be declared. On the contrary, the court having indicated a willingness to declare a mistrial, appellant's counsel expressed the belief that the jury was "an intelligent body and, under proper admonition * * * could disregard this incident," and that a mistrial could thus· be avoided. Thereupon appellant, by his counsel, withdrew the "assignment of misconduct" and requested that the court "merely admonish the jury to disregard the statements reputedly made in this conversation and * * * strike from the record the conversation assertedly testified to by this witness." The request was granted and the trial proceeded. Appellant, having brought about this result, cannot be heard to complain of it.

Assignment 12 is to the admission of evidence. It does not quote the grounds urged at the trial for the objection or the exception taken—if indeed there was any objection or exception—or the full substance of the evidence admitted, as required by Rule 2(b) of our rules governing criminal appeals. Hence, this assignment will not be considered. Waggoner v. United States, 9 Cir., 113 F.2d 867, 868.

Assignments 17 and 18 are that the court erred in refusing to give the jury certain instructions requested by appellant. The refusal was not excepted to and was, therefore, not assignable as error. Waggoner v. United States, supra.

Assignment 21 is that the court erred in permitting the case to go to the jury after government counsel had made a closing argument portions of which the assignment characterizes as "prejudicial misconduct." There was, at the time of the argument, no objection thereto except a statement by appellant's counsel that he was going to assign as misconduct and as being improper "the allusion to [appellant] as a narcotic peddler." There was, in fact, no such allusion, nor did appellant at any time object to the submission of the case to the jury. There is, therefore, no basis for this assignment.

Assignment 22 is that "The court erred in submitting to the jury the single sheet verdict referring to the dual charges contained in counts 1 and 2 of the indictment, and in failing to instruct the jury that [appellant] could not be convicted of both of these offenses for one reputed transaction." This assignment is unintelligible.

Assignment 23 is that "The court erred in imposing sentences on both counts of the indictment." Assignment 24 is that "The court erred in imposing any sentence." These assignments are too general. They do not set out separately and particularly the errors asserted and intended to be urged, as required by Rule 2(a) of our rules governing criminal appeals. Consequently, they will not be considered.

Assignment 25 is that the court erred in failing to declare a mistrial after government counsel had elicited from a government witness testimony to the effect that appellant "was assertedly engaged in bookmaking activities." Appellant never asked that a mistrial be declared. Instead, he moved that the testimony be stricken, that the jury be instructed to disregard it, and that the witness be admonished to refrain from voluntary statements of similar character. The motion was granted. Nothing more was required.

Assignment 38 is that the court erred in permitting certain cross-examination of appellant. The cross-examination consisted of fourteen questions, only two of which were objected to. Both objections were sustained. Hence, this assignment presents nothing for review.

Judgment affirmed.