## ROEDEL v. UNITED STATES.

### No. 10435.

Circuit Court of Appeals, Ninth Circuit.

Nov. 10, 1944.

James B. O'Connor, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted for violating § 2 of the Act of April 20, 1918, c. 59, 40 Stat. 534, 50 U.S.C.A. § 102, which provides: "When the United States is at war, whoever, with intent to injure, interfere with, or obstruct the United States or any associate nation in preparing for or carrying on the war, * * * shall willfully injure or destroy, or shall attempt to so injure or destroy, any war material, war premises, or war utilities, as herein de-

fined,[1] shall, upon conviction thereof, be fined not more than $10,000 or imprisoned not more than thirty years, or both."

The indictment charged, in substance, that on or about July 28, 1942, the United States being then at war, appellant, with intent to interfere with and obstruct the United States in carrying on the war, wilfully attempted to set fire to, and so wilfully attempted to injure, the premises known as Hopeman Brothers, Inc. Warehouse, Richmond Shipyard No. 2, Richmond, California, said premises consisting of buildings wherein war material was being produced and manufactured.[2]

Appellant was arraigned, pleaded not guilty, was tried, convicted and sentenced, and has appealed.

Six alleged errors were assigned. Three of the assigned errors (assignments 1, 5 and 6) are not specified[3] or argued and hence are deemed waived.[4]

Assignment 2 is that "the court erred in admitting in evidence over the objections and exceptions of the defendant [appellant] the testimony of the witness Robert H. Moran with respect to certain articles and papers showing or tending to show the defendant to be a member of the Nazi party and a Storm Trooper." Assignment 3 is that "the court erred in admitting in evidence over the objection and exception of defendant Government's [appellee's] Exhibit 8—during the testimony of Robert H. Moran." Assignment 4 is that "the court erred in admitting in evidence over the objection and exception of defendant the entire testimony of the witness William H. Clark, Jr. with respect to the Nazi party, the Storm Troopers, the Brown Shirts of the Nazi party."

Assignments 2, 3 and 4 do not, as required by Rule 2(b) of our rules governing criminal appeals, "quote the grounds urged at the trial for the objection and the exception taken and the full substance of the evidence admitted." Hence these assignments need not be considered.[5] However, we have considered them[6] and find no merit in them.

Judgment affirmed.

---

[1] The terms "war material," "war premises" and "war utilities" are defined in § 1 of the Act, 50 U.S.C.A. § 101.

[2] Such buildings are "war premises," as defined in § 1 of the Act, 50 U.S.C.A. § 101.

[3] Our Rule 20 provides that, in criminal cases, the appellant's brief shall contain "a specification by number of such of the assigned errors as are to be relied upon."

[4] Love v. United States, 9 Cir., 74 F. 2d 988; Lonergan v. United States, 9 Cir., 88 F.2d 591; Muyres v. United States, 9 Cir., 89 F.2d 783; Waggoner v. United States, 9 Cir., 113 F.2d 867; Roubay v. United States, 9 Cir., 115 F.2d 49; Utley v. United States, 9 Cir., 115 F.2d 117; Lane v. United States, 9 Cir., 142 F.2d 249.

[5] Wheeler v. United States, 9 Cir., 77 F.2d 216; Levine v. United States, 9 Cir., 79 F.2d 364; Muyres v. United States, supra; Levey v. United States, 9 Cir., 92 F.2d 688; Waggoner v. United States, supra; Utley v. United States, supra; Conway v. United States, 9 Cir., 142 F.2d 202; Tudor v. United States, 9 Cir., 142 F.2d 206.

[6] Cf. Conway v. United States, supra; Tudor v. United States, supra.