## ZAP v. UNITED STATES.
### No. 10419.

Circuit Court of Appeals, Ninth Circuit.
June 4, 1945.

Rehearing Denied Sept. 13, 1945.

Writ of Certiorari Denied Dec. 10. 1945.
See 66 S.Ct. 265.

Writ of Certiorari Granted Jan. 7, 1946.
See 66 S.Ct. 469.

Morris Lavine, of Los Angeles, Cal., for appellant.

Tom C. Clark, Asst. Atty. Gen., Charles H. Carr, U. S. Atty., of Los Angeles, Cal., James E. Harrington, Sp. Asst. to Atty. Gen., and Alden F. Houck, Sp. Atty., Dept. of Justice, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant and Lloyd Scott were indicted in 13 counts. Counts 1–12 charged violations of § 35(A) of the Criminal Code, 18 U.S.C.A. § 80. Count 13 charged a violation of § 37 of the Criminal Code, 18 U.S.C.A. § 88. Appellant and Scott pleaded not guilty and were tried. In the course of the trial, counts 2, 6, 9, 12 and 13 were dismissed. Scott was acquitted on all remaining counts. Appellant was acquitted on counts 3, 7, 8, 10 and 11, was convicted and sentenced on counts 1, 4 and 5, and has appealed.

As to count 1, appellee confesses error and consents to a reversal of the judgment.[1]

Appellant filed with the clerk of the trial court an assignment of errors [2] whereby—in numbered paragraphs called assignments—52 alleged errors were assigned. Appellant's counsel has filed with the clerk of this court 20 copies of a printed brief,[3] but the brief does not contain a specification of errors.[4] Errors assigned, but not specified, may be deemed waived.[5] Therefore we might well disregard the 52 assignments of error in this case.[6] However, we have not disregarded them, but have considered them, and, so far as they relate to counts 4 and 5, find no merit in them.

Judgment reversed as to count 1 and affirmed as to counts 4 and 5.

---

[1] Appellee's brief states that "there is a real question as to whether the charge in [count 1] was sufficiently definite and certain as to apprise [appellant] with sufficient particularity of the crime with which he stood charged," and that, "For this reason * * * the Government [appellee] will not resist the appeal on count 1."

[2] By Rules 8 and 9 of the Rules of Criminal Procedure after Plea of Guilty, Verdict or Finding of Guilty, 18 U.S. C.A. following section 688, the appellant in a criminal case is required to "file with the clerk of the trial court an assignment of the errors of which he complains." Rule 2(a) of our rules governing criminal appeals provides: "The appellant shall file with the clerk of the trial court an assignment of errors, numbering each, and shall set out separately and particularly each error asserted and intended to be urged."

[3] Rule 20 of our general rules provides:

"1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *

"2. This brief shall contain * * *

"(e) In admiralty and criminal cases, a specification by number of such of the assigned errors as are to relied upon, with reference to the pages of the record where the assignments appear. Thereafter each such assignment shall be printed in full preceding the argument addressed to it. Where the specified error is more than two printed pages in length, it may be summarized before the argument addressed to it, in which event the specified assignment must be printed in full in an appendix. * * *"

[4] See paragraph (e), supra.

[5] Love v. United States, 9 Cir., 74 F. 2d 988; Lonergan v. United States, 9 Cir., 88 F.2d 591; Muyres v. United States, 9 Cir., 89 F.2d 783; Waggoner v. United States, 9 Cir., 113 F.2d 867; Roubay v. United States, 9 Cir., 115 F. 2d 49; Utley v. United States, 9 Cir., 115 F.2d 117; Lane v. United States, 9 Cir., 142 F.2d 249; Roedel v. United States, 9 Cir., 145 F.2d 819.

[6] See cases cited in footnote 5.