**MOSCA v. UNITED STATES.**

No. 11753.

United States Court of Appeals Ninth Circuit.

April 2, 1949.

United States, 5 Cir., 161 F.2d 511; Thayer v. United States, 10 Cir., 168 F.2d 247.

[30] See footnote 5.

[31] Conway v. United States, supra.

Charles H. Carr, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst. U. S. Atty., and Wil-liam L. Baugh, Asst. U. S. Atty., all of Los Angeles, Cal., for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

MATHEWS, Circuit Judge.

Appellant, James M. Mosca, alias James M. Fly, was indicted on May 14, 1947. The indictment was in 12 counts. Counts 1-7 were based on § 35(A) of the Criminal Code, 18 U.S.C.A., 1946 Edition, § 80 [1] Counts 8-12 were based on paragraph (5) of subsection (a) of § 2 of the Act of June 28, 1940, c. 440, as amended by § 301 of the Second War Powers Act, 1942, 50 U.S.C.A.Appendix, §§ 633 and 1152,[2] and § 2.6 of General Ration Order No. 8, 8 F.R. 3783, as amended, 9 F.R. 2766—an order issued under subsection (a), supra.[3]

Count 1 alleged: "On or about November 11, 1946, in the County of Los Angeles, California, James M. Mosca, otherwise known as James M. Fly, knowingly and willfully made and used and caused to be made and used a false bill, account, claim and certificate, to wit, a sugar ration check in the amount of 10,000 pounds of sugar, drawn on the Santa Monica and Vermont Branch of the Bank of America, and bearing the signature, as maker, of James M. Fly on behalf of the Italian American Import Co., knowing the same to contain a fraudulent and fictitious statement and entry in a matter within the jurisdiction of the Office of Price Administration, an agency of the United States Government * * * in that, at said time and place, there was no sugar ration account in the name of James M. Mosca, alias James M. Fly, or the Italian Ameri-

[1] Section 35(A) provided: " * * * whoever shall knowingly and willfully * * * make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

[2] Paragraph (5) provided: "Any person who willfully performs any act pro-hibited, or willfully fails to perform any act required by, any provision of this sub-section (a) or any rule, regulation, or order thereunder, whether heretofore or hereafter issued, shall be guilty of a mis-demeanor, and shall, upon conviction, be fined not more than $10,000 or impris-oned for not more than one year, or both."

[3] Section 2.6 provided: " * * * No person shall use or transfer a token or other ration document except in a way for a purpose permitted by a ration or-der."

can Import Co., in the Santa Monica and Vermont Branch of the Bank of America."

Counts 2-7 were similar to count 1, except that the dates and amounts of sugar mentioned were as follows: In count 2, November 22, 1946, 1,500 pounds; in count 3, November 23, 1946, 1,600 pounds; in count 4, November 29, 1946, 3,500 pounds; in count 5, November 19, 1946, 10,000 pounds; in count 6, November 22, 1946, 10,000 pounds; in count 7, October 22, 1946, 5,000 pounds.

Count 8 alleged: "On or about November 30, 1946, in the County of Los Angeles, California, James M. Mosca, otherwise known as James M. Fly, willfully used and transferred ration documents, to wit, two sugar ration checks drawn on the Santa Monica and Vermont Branch of the Bank of America, and bearing the signature, as maker, of James M. Fly on behalf of the Italian American Import Co., purporting to transfer 2,500 pounds of sugar each to Smart and Final Co., Ltd., Unit 65, 834 West Jefferson, Los Angeles, California, in exchange for 5,000 pounds of sugar, in a way and for a purpose not permitted by a ration order, in that, at said time and place, there was no sugar ration account in the name of James M. Mosca, alias James M. Fly, or the Italian American Import Co., in the Santa Monica and Vermont Branch of the Bank of America."

Counts 9-12 were similar to count 8, except that, in each of them, a single check was mentioned, and the dates and amounts of sugar mentioned were as follows: In count 9, October 30, 1946, 5,000 pounds; in count 10, November 7, 1946, 2,500 pounds; in count 11, November 20, 1946, 3,000 pounds; in count 12, November 29, 1946, 2,500 pounds.

Appellant was arraigned, pleaded not guilty to each count of the indictment, was tried, convicted and sentenced on each count and has appealed.

Four alleged errors are specified. Specification 1 is that the court erred in denying a motion of appellant to dismiss the indictment.[4] The motion was as follows:

"The defendant [appellant] moves that the indictment be dismissed on the following grounds:

"1. Counts one to seven inclusive of the indictment do not state facts sufficient to constitute an offense against the United States.

"2. Counts seven to twelve inclusive of the indictment do not state facts sufficient to constitute an offense against the United States."

The motion did not indicate why or wherein the facts stated in the indictment were insufficient, or were claimed to be insufficient, to constitute an offense against the United States. Actually, there was no such insufficiency. Each of the first seven counts of the indictment stated facts sufficient to constitute an offense under § 35(A) of the Criminal Code, 18 U.S.C.A., 1946 Edition, § 80.[5] Each of the other counts stated facts sufficient to constitute an offense under paragraph (5) of subsection (a) of § 2 of the Act of June 28, 1940, c. 440, as amended by § 301 of the Second War Powers Act, 1942, 50 U.S.C.A.Appendix, §§ 633 and 1152,[6] and § 2.6 of General Ration Order No. 8, 8 F.R. 3783, as amended, 9 F.R. 2766.[7] The motion was properly denied.

Specification 2 is that the court erred in denying a motion of appellant for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[8] There was only one

---

[4] Appellant's motion to dismiss the indictment was included in the typewritten transcript of record filed in this court, but, through an oversight, was omitted from the printed transcript.

[5] See footnote 1.

[6] See footnote 2.

[7] See footnote 3.

[8] Rule 29 provides:

"(a) Motion for Judgment of Acquittal. Motions for directed verdict are abolished and motions for judgment of

acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not

motion of appellant for judgment of acquittal. That motion was made on September 24, 1947, at the close of the evidence offered by the Government. After its denial, appellant offered evidence, which the court received, whereupon all the evidence was closed, the case was argued and submitted to the jury, a verdict was returned, and the jury was discharged. Five days after the jury was discharged, appellant filed a so-called "renewal of motion for judgment of acquittal," apparently believing that he could thereby renew the motion of September 24, 1947. Appellant was mistaken. The provision in Rule 29 that "the motion may be renewed within 5 days after the jury is discharged" applies only to a motion made at the close of all the evidence.[9] In this case, there was no such motion. Appellant, by offering evidence, waived the motion of September 24, 1947.[10] Hence that motion need not be considered.[11] However, we have considered it and find no merit in it.

Specification 3 is that the court erred in admitting evidence. This specification does not, as required by our Rule 20,[12] "quote the grounds urged at the trial for the objection and the full substance of the evidence admitted * * * and refer to the page number in the printed or typewritten transcript where the same may be found." Hence we are not required to consider this specification.[13] However, we have considered it and find no merit in it.

Specification 4 is that the court erred in giving an instruction—a part of the charge—to the jury. This specification does not, as required by our Rule 20,[14] "set out the part referred to totidem verbis * * * together with the grounds of the objections urged at the trial." Hence we are not required to consider this specification.[15] However, we have considered it and find no merit in it.

Judgment affirmed.

---

granted, the defendant may offer evidence without having reserved the right.

"(b) Reservation of Decision on Motion. If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the motion is denied and the case is submitted to the jury, the motion may be renewed within 5 days after the jury is discharged * * *"

[9] Goldstein v. United States, 2 Cir., 168 F.2d 666.

[10] Goldstein v. United States, supra. See, also, Marron v. United States, 9 Cir., 8 F.2d 251; Critzer v. United States, 9 Cir., 8 F.2d 266; Powell v. United States, 9 Cir., 35 F.2d 941; Didenti v. United States, 9 Cir., 44 F.2d 537; Heskett v. United States, 9 Cir., 58 F.2d 897; Baldwin v. United States, 9 Cir., 72 F.2d 810; Pawley v. United States, 9 Cir., 73 F.2d 907; Girson v. United States, 9 Cir., 88 F.2d 358; Benetti v. United States, 9 Cir., 97 F.2d 263; Hemphill v. United States, 9 Cir., 112 F.2d 505.

[11] See cases cited in footnote 10.

[12] Our Rule 20 provides:

"1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *

"2. This brief shall contain * * *

"(d) In all cases save those of admiralty, a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. * * *"

[13] Waggoner v. United States, 9 Cir., 113 F.2d 867; Utley v. United States, 9 Cir., 115 F.2d 117; Conway v. United States, 9 Cir., 142 F.2d 202; Tudor v. United States, 9 Cir., 142 F.2d 206; Roedel v. United States, 9 Cir., 145 F.2d 819; Ziegler v. United States, 9 Cir., 174 F.2d 439.

[14] See footnote 12.

[15] Conway v. United States, supra; Ziegler v. United States, supra.