**DU VERNEY et al. v. UNITED STATES.**

No. 12397.

United States Court of Appeals
Ninth Circuit.

May 9, 1950.

Rehearing Denied June 12, 1950.

Ulma A. Abels, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, Lawrence P. Du Verney, alias Lawrence Du Verney, and Samuel N. Lewis, alias Cecil Lewis, were indicted in three counts. Count 1 charged that appellants, on or about August 3, 1949, in San Francisco, California, "unlawfully did sell, dispense and distribute, not in or from the original stamped package, a certain quantity of a derivative and preparation of morphine, to-wit, a lot of heroin, in quantity particularly described as one envelope containing a total of approximately 110 grains of heroin." [1]

Count 2 charged that appellants, at the time and place mentioned in count 1, "fraudulently and knowingly did conceal and facilitate the concealment of a certain quantity of a derivative and preparation of morphine, to-wit, a lot of heroin, in quantity particularly described as one envelope containing a total of approximately 110 grains of heroin," and that "the said heroin had been imported into the United States of America contrary to law, as [appellants] then and there knew." [2]

Count 3 charged that appellants, at a time and place unknown to the grand jury conspired to commit the offenses charged in counts 1 and 2 and thereafter, on August 3, 1949, in San Francisco, California, did certain acts, which count 3 described, to effect the object of the conspiracy. [3]

Appellants were arraigned, pleaded not guilty, were tried and found guilty on all counts of the indictment, were sentenced and have appealed.

Ten alleged errors are specified. Specifications 1-7 are to the charge of the court. [4] These specifications do not, as required by our Rule 20, [5] "set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial." Hence we are not required to consider these specifications. [6] However, we have considered them and find no merit in them.

Specifications 8 and 9 are to the admission of evidence. Specification 10 is to the rejection of evidence. These specifications do not, as required by our Rule 20, [7] "quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected." Hence we are not required to consider these specifications. [8] However, we have considered them and find no merit in them.

At the close of all the evidence, appellants moved for a judgment of ac-

1. See 26 U.S.C.A.Int.Rev.Code, §§ 2553 (a), 2557 (b) (1).

2. See 21 U.S.C.A. § 174.

3. See 18 U.S.C.A. § 371.

4. "Specifications 1-5 are that the court erred in giving five instructions to the jury. Specifications 6 and 7 are that the court erred in refusing to give the jury two instructions requested by appellants.

5. Our Rule 20 provides:
   "1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *.
   "2. This brief shall contain * * *.
   "(d) In all cases save those of admiralty, a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the er-

ror alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. * * * "

6. Conway v. United States, 9 Cir., 142 F.2d 202; Ziegler v. United States, 9 Cir., 174 F.2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448.

7. See footnote 5.

8. See cases cited in footnote 6. See, also, Waggoner v. United States, 9 Cir., 113.

quittal on the ground that the evidence showed entrapment and did not warrant appellants' conviction. The motion was denied. The denial is not specified as error. However, we have examined the evidence and find that it did not show entrapment and did warrant appellants' conviction.

Judgment affirmed.

F.2d 867; Utley v. United States, 9 Cir., 115 F.2d 117; Tudor v. United States,

9 Cir., 142 F.2d 206; Roedel v. United States, 9 Cir., 145 F.2d 819.