**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe BURNLEY and Maria J. Cromer,**
**Defendants-Appellants.**

**No. 71-2026.**

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 1971.

James R. Slaybaugh, Cassandra Dunn, Fresno, Cal., for defendants-appellants.

James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Appellants, Joe Burnley and Maria J. Cromer, challenge their conviction under 21 U.S.C. § 174 for conspiracy to sell narcotics (heroin). Before this court they argue that their trials should have been severed. Mrs. Cromer further argues that certain evidence was improperly admitted as to her. We affirm.

Late in 1968, a Federal Grand Jury indicted Burnley, Cromer, and Cromer's husband on three counts for violation of 21 U.S.C. § 174. Three severance motions were made in 1969, with all defendants joining in each. The substantive counts were severed and dropped in response to these motions, but severance of defendants on the remaining conspiracy count was denied.

There is no doubt that the joinder of defendants under a single conspiracy charge is proper under Fed.R.Crim.P. 8(b). Rule 14, however, requires the trial court to grant severance when prejudice results from such a joinder.

In the present case, trial was eventually set for January 25, 1971. On that date appellant Cromer renewed her motion. However, it was denied and the trial began later on that date. Appellants were found guilty of the conspiracy.

### Waiver of Severance

The appellants' joint argument on appeal is that the trial court should have granted them severance. However, at no time after the commencement of trial did either appellant renew a motion for severance or move for a new trial. There is, moreover, no suggestion in the transcript of the present case that appellants' trial counsel complained of prejudice during the trial. Thus, as this court held in Williamson v. United States, 310 F.2d 192, 197 (9th Cir. 1962), having failed diligently to pursue the severance motion below, the appellants may not urge the point here. *See also* Schoepflin v. United States, 391 F.2d 390, 396 (9th Cir. 1968); *cf.* Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). The failure of the court to order severance is not a basis for reversal absent a clear abuse of discretion. Baker v. United States, 393 F.2d 604, 607 (9th Cir. 1968); Mendez v. United States, 349 F.2d 650, 652 (9th Cir. 1965). There was no abuse of discretion here.

### Cromer's Argument

Cromer argues, in addition, that certain evidence relating to a sale of narcotics conducted out of her presence was not properly admissible against her. We have reviewed the record and find that the evidence complained of was properly received.

The judgments are affirmed.