UNITED STATES of America,
Plaintiff-Appellee,

v.

Ramon FIGUEROA–PAZ, Defendant-
Appellant.

No. 72–1872.

United States Court of Appeals,
Ninth Circuit.

Oct. 20, 1972.

## 1056

Gilbert Gonzalez, Tucson, Ariz., for defendant-appellant.

William C. Smitherman, U. S. Atty., David Hoffman, Ronald A. Lebowitz, Asst. U. S. Attys., Tucson, Ariz., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and McNICHOLS,* District Judge:

JAMES M. CARTER, Circuit Judge:

The appellant and his wife were each charged in a two-count indictment with (1) illegal possession of 194 pounds of marijuana, with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) importing into the United States the same marijuana, 21 U.S.C. § 952(a) and 18 U.S.C. § 2.

Both appellant and his wife were convicted by a jury on each count. The ap-pellant was sentenced to two years on each count, to run concurrently, and ap-peals. He raises the following ques-tions:

(1) Was denial of appellant's motion to sever his trial from that of his wife, prejudicial error?

(2) Was the testimony of appellant's wife properly admitted?

(3) Was the evidence sufficient to raise a jury question, on denial of appellant's motions for judgment of acquittal? We affirm.

## FACTS

The facts germane to our decision herein bear brief statement. For pur-poses of appeal, the United States has adopted appellant's statement of facts.

On February 2, 1972, a United States Customs Inspector, Pete Condes, sta-tioned at the border in Nogales, Arizo-na, stopped appellant's vehicle at the border check point. Because Condes de-tected the odor of marijuana coming from appellant, who seemed nervous, the agent directed appellant to drive to a secondary inspection area.

Agent Condes turned appellant over to another officer, and returned to his checkpoint within a few minutes. He there found a woman, later learned to be appellant's wife, waiting to enter in a station wagon. Condes determined that both entrants were "green card" Mexi-can nationals, having the same surname, and driving vehicles with Arizona li-cense plates. Condes also ordered Mrs. Figueroa to the secondary area. Under the folded-down rear seats of the station wagon, he found 194 pounds of marijua-na.

Before trial and at the conclusion of the Government's case, appellant moved to sever his trial from that of his wife. Both motions were denied. Appellant and his wife then took the stand, in that order. Their testimony tended to show that appellant had arranged in Mexico to transport the station wagon to Arizona,

* Honorable Ray McNichols, Chief United States District Judge, District of Idaho, sitting by designation.

and that his wife agreed to assist him by driving it. However, both denied knowing that the vehicle contained marijuana. The jury apparently disbelieved appellant's story that he innocently moved the vehicle on request of a casual acquaintance, and the wife's story that she had no knowledge that what her husband asked her to do involved marijuana.

### The Motion to Sever

Appellant urges that because of his joint trial with his wife, and alleged advice that she would give testimony incriminating to him, he was forced to testify; that their defenses were inconsistent; that the wife's testimony violated the marital privilege; and that his two motions to sever their trials should therefore have been granted.

In his pre-trial motion to sever, appellant alleged that out-of-court statements made by his wife, a co-defendant, would be introduced in evidence and used against him. This never transpired. None of his wife's out-of-court statements were offered in evidence against him but only against his wife to impeach her testimony. There is no problem under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Moreover, his wife, the co-defendant, testified and was subject to cross-examination. Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971); Mendez v. United States (9 Cir. 1970) 429 F.2d 124.

■ On a showing of prejudice, a trial court in its discretion may grant separate trials. Fed.R.Crim.P., Rule 14. The trial judge's decision will not be reversed absent a clear abuse of discretion. Parker v. United States (9 Cir. 1968), 404 F.2d 1193, 1194, 1196, cert. den., 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782 (1969); Baker v. United States (9 Cir. 1968) 393 F.2d 604, 607, cert. den., 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106. The mere joint trial of husband and wife does not require severance where, as here, the Government did not introduce the statements of one to incriminate the other. See Peek v. United States (9 Cir. 1963) 321 F.2d 934, 942–943, cert. den., 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964).

■ Since appellant did not renew his motion for a severance, based on prejudice, at the close of all the evidence, his right to complain of denial of the motion was waived. Williamson v. United States (9 Cir. 1962) 310 F.2d 192, 197; United States v. Burnley (9 Cir. 1971); 452 F.2d 1133. Moreover, appellant did not avail himself of the trial judge's offer to give a limiting instruction on request. See Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). We conclude that there was no prejudice from denial of the motions to sever, which, however, were waived because not renewed at the close of all the evidence.

### The Marital Privilege

■ Appellant's claims that his wife's testimony should have been excluded on grounds of privilege are not well taken. There is a privilege which prevents one spouse from testifying adversely to the other, but it may be waived where, as here, neither spouse raises the privilege when the testimony is offered. Olender v. United States (9 Cir. 1954) 210 F.2d 795, 800. See Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958) (privilege upheld on husband's objection); 8 Wigmore, Evidence § 2241 (1961).

■ Another privilege protects marital communications. It belongs to the communicating spouse, and likewise may be waived. Fraser v. United States (6 Cir. 1944) 145 F.2d 139, 144, cert. den., 324 U.S. 849, 65 S.Ct. 684, 89 L.Ed. 1409 (1945); Peek, supra, 321 F.2d at 943.

■ Appellant failed to object to his wife's testimony as to his communications when it was offered. Fraser and Peek, supra, stand for the proposition that the communications privilege must be continuously asserted, or it is waived. Appellant's argument that such objection would only have further prejudiced

him is without merit. Further, there is no question that appellant's wife was competent to give testimony *favorable* to him, insofar as her testimony might have appeared in that light. Funk v. United States, 290 U.S. 371, 54 S.Ct. 91, 78 L.Ed. 369 (1933). We note that appellant's counsel made much use of the wife's testimony in his closing arguments.

### The Sufficiency of the Evidence

Appellant also complains that the District Judge erred in denying his motion for judgment of acquittal, made at the close of the Government's case and renewed after all the evidence. Upon denial of appellant's motions to acquit and to sever, he claims he had no choice but to testify, believing that his wife would take the stand and incriminate him.

█ █ Rule 29(a), Fed.R.Crim.P., requires a trial court on motion to order an acquittal "if the evidence is insufficient to sustain the conviction." The test is whether at the time of the motion there was relevant evidence from which the jury could reasonably find appellant guilty beyond a reasonable doubt, viewing the evidence in light favorable to the Government. United States v. Nelson (9 Cir. 1969) 419 F.2d 1237, 1241–1245. The tests applied by the trial judge to the motion, and by a reviewing court to his ruling thereon, are substantially identical. *Id.* at 1241. If there appears some doubt, so that the court believes the jury might disagree, the motion must be denied. United States v. Scott (9 Cir. 1971) 452 F.2d 660 (per curiam).

Assuming we were required to review only the evidence as it stood at the close of the Government's case, which we do not here decide, we could not disagree with the District Judge. In denying appellant's first motion, he said that the pattern of the evidence implicating appellant was "simply too good to be true. . . . I think that the jury could, . . . I don't know that they would, but could reasonably find beyond a rea-

sonable doubt that this was a joint venture."

█ Appellant would have been in a better position had he rested at the close of the Government's case. Appellant waived his objections to denial of his first motion for acquittal, by proceeding to introduce evidence in his behalf. Benchwick v. United States (9 Cir. 1961) 297 F.2d 330, 335; United States v. Haskell (2 Cir. 1964) 327 F.2d 281, 282 n.2, cert. den., 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307. On review, we therefore can and do consider all of the evidence, including that presented by appellant. Gaunt v. United States (1 Cir. 1950) 184 F.2d 284, 290, cert. den., 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951); Mosca v. United States (9 Cir. 1949) 174 F.2d 448, 450–51. We find no plain error in the denial of the motion. United States v. Lewis (9 Cir. 1970) 426 F.2d 266 (per curiam).

It is true that the District of Columbia Circuit, alone, has held this general waiver doctrine inapplicable where a defendant responds to damaging testimony given by a co-defendant. Cephus v. United States (1963) 117 U.S.App.D.C. 15, 324 F.2d 893, 897–898, and its progeny. But, in our case, appellant testified *before* his co-defendant. Since, at the close of his testimony, there was sufficient evidence in the record of appellant's guilt, we have no hesitancy in affirming the denial of the motion made at the conclusion of the case—even were we not to rely on his wife's testimony. However, in so stating, we do not depart from our rule in *Mosca, supra,* that in such circumstances all of the evidence received at trial is germane.

█ In addition, although our Circuit has noted the *Cephus* case, we adhere to the general waiver rule. Verdugo v. United States (9 Cir. 1968) 402 F.2d 599, 604 n.4, cert. den., 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124 (1971). Explicit post-*Cephus* statements of the Supreme Court foster and reaffirm our view. McGautha v. California, 402 U.S. 183, 215–216, 91 S.Ct. 1454, 28 L.Ed.

2d 711 (1971). *See also* United States v. Calderon, 348 U.S. 160, 164 n. 1, 75 S.Ct. 186, 99 L.Ed. 202 (1954), rev'g 207 F.2d 377 (9 Cir. 1953). Appellant could have rested on his motion instead of testifying. It is neither unusual nor persuasive that appellant has necessarily made one of those hard choices which often confront litigants in the course of trial. *Benchwick, supra,* 297 F.2d at 335–336. Requiring such choices is not unconstitutional. *McGautha, supra,* 402 U.S. at 213, 91 S.Ct. 1454.

We have carefully considered appellant's other contentions and we find them to be without merit.

The judgment is affirmed.