**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Albert SILVA, Defendant—Appellant.**

**No. 04–10057.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Dec. 23, 2004.

Before: O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## MEMORANDUM ***

Albert Silva appeals his jury conviction for knowingly and willfully making false statements to a special agent in violation of 18 U.S.C. § 1001(a)(2). He contends that the trial court erred in denying his motion for judgment of acquittal pursuant to Fed. R.Crim.P. 29 because there was insufficient evidence of materiality. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

On May 8, 2002, a special agent from the Office of the Inspector General ("OIG") (a division of the Department of Justice) conducted an administrative interview of Silva, a former corrections officer with the United States Bureau of Prisons. During the interview, Silva was advised that allegations of improper contact and introduction of soft contraband (in the form of cosmetics, perfume and food) had been made against him. He was also informed that the purpose of the administrative interview was to determine whether administrative disciplinary action was warranted. Silva specifically denied all of the allegations against him, and provided a written, sworn affidavit confirming those denials.

A jury trial was held and at the close of the government's evidence, Silva made a motion for judgement of acquittal pursuant to Fed.R.Crim.P. 29. The sole ground for the motion was that the government had failed to prove that the false statements were material. The district court denied the motion finding that the government had presented sufficient evidence to support a jury determination on all elements of the offense. Silva renewed his Rule 29 motion at the close of all of the evidence, which was again denied. The jury found Silva guilty of making false statements

when he denied contacting and socializing with former inmates and their families.

Silva contends that the government failed to establish that the false statements were material under section 1001 and, therefore, the district court erred in refusing to grant his motion for acquittal. We review *de novo* the district court's denial of a motion for judgement of acquittal. *See, e.g., United States v. Hernandez,* 105 F.3d 1330, 1332 (9th Cir.), *cert. denied,* 522 U.S. 890, 118 S.Ct. 227, 139 L.Ed.2d 160 (1997). There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.), *cert. denied,* 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000). On review of a renewed motion for a judgement of acquittal made at the close of the defendant's case, we review all of the evidence, including that presented by the defense. *See United States v. Figueroa–Paz,* 468 F.2d 1055, 1058 (9th Cir.1972).

The false statement charges were brought under 18 U.S.C. § 1001(a)(2), which provides in pertinent part: "[W]hoever ... knowingly and willfully ... makes any *materially* false, fictitious, or fraudulent statement or representation ... shall be fined under this title or imprisoned not more than 5 years, or both." *Id.* (emphasis added).

Since materiality is an element of this offense, the prosecution carries the burden of proof. *See United States v. Talkington,* 589 F.2d 415, 417 (9th Cir.1978). A district court may not determine the materiality of a statement as a matter of law. *See United States v. Gaudin,* 515 U.S. 506, 512, 115 S.Ct. 2310, 132 L.Ed.2d 444

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(1995). Rather, the question of materiality should be submitted to the trier of fact to determine whether the statement "has the propensity to influence agency action." *United States v. Facchini,* 874 F.2d 638, 643 (9th Cir.1989)(en banc).

"The test for determining materiality is whether the falsification is calculated to induce action or reliance by an agency of the United States...." *United States v. De Rosa,* 783 F.2d 1401, 1408 (9th Cir. 1986) (quoting *United States v. Deep,* 497 F.2d 1316, 1321 (9th Cir.1974) (en banc)). A statement is material if it "(1) could affect or influence the exercise of governmental functions; or (2) has a natural tendency to influence or is capable of influencing agency decisions." *Id.* In other words, the false statement does not actually have to influence the agency and the agency does not actually have to rely on the information for it to be material. *United States v. Service Deli Inc.,* 151 F.3d 938, 941 (9th Cir.1998).

Here, Silva acknowledged at trial that the administrative interview regarded allegations that he had violated the Bureau of Prisons employees standards of conduct by contacting former inmates, as well as relatives and friends of current inmates. He also testified that a possible consequence of admitting the truth during the interview was that he would be terminated. He was aware that the standards of conduct prohibit prison guards from having any contact with former inmates. Nonetheless, Silva falsely stated that he had "never made any phone calls to an inmate or former inmate or family member of an inmate or former inmate," and had "never violated the code of conduct." (E.R. at 371).

By denying that he had contact with former inmates and violated the standards of conduct, he falsified information concerning the OIG's disciplinary investigation, thus potentially leading the investigation off track. The mere fact that the OIG may not have actually relied on the false statements and curtailed, intensified, or changed the direction of its investigation is irrelevant to a finding of materiality. To be material, the statement need only have the propensity or capacity to influence the OIG's actions or decisions.

Viewing the evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the false statements made by Silva were material.

AFFIRMED.