**Carl C. LEE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15039.**

United States Court of Appeals
Ninth Circuit.

Oct. 24, 1956.

Phillips, Avakian & Johnston, J. Richard Johnston, Oakland, Cal., Fred Pierce, Pierce & Brown, Sacramento, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., John Lockley, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, BARNES and HAMLEY, Circuit Judges.

MATHEWS, Circuit Judge.

On September 14, 1955, in the United States District Court for the Northern District of California, appellant, Carl C. Lee, was indicted for violating § 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), which provided that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter[1] or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

The indictment alleged that "on or about the 15th day of March, 1951, in the Northern District of California, Carl C. Lee [appellant], late of Sacramento, California, who during the calendar year 1950 was married, did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1950, by filing and causing to be filed with the Collector of Internal Revenue for the First Internal Revenue Collection District of California, at San Francisco, a false and fraudulent joint income tax return on behalf of himself and his said wife, wherein it was stated that their net income for said calendar year was the sum of $9,927.09 and that the amount of tax due and owing thereon was the sum of $1,282.00, whereas, as he then and there well knew, their joint net income for the said calendar year was the sum of $69,162.69, upon which said net income there was owing to the United States of America an income tax of $27,564.42."

Appellant was arraigned, pleaded not guilty and had a jury trial which consumed eight days and resulted in a verdict of guilty. Thereupon, on January 11, 1956, the District Court rendered a judgment sentencing appellant to be imprisoned for five years and to pay a fine of $10,000 and the costs of prosecution. The judgment was filed and entered on January 12, 1956.[2] Appellant appealed from the judgment on January 12, 1956.

On January 13, 1956, appellee, the United States served on appellant's attorney and filed with the clerk of the District Court a document entitled "Bill of Costs." That document, hereafter

1. Chapter 1, §§ 1–482 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 1–482, imposing income taxes.

2. Appended to the judgment is the following notation: "Entered January 13, 1956." Actually, however, the judgment was entered on January 12, 1956. This appears from the supplemental record. filed here on September 20, 1956.

called the bill, was a bill of costs, within the meaning of 28 U.S.C.A. §§ 1920 and 1924,[3] and was also an application for the taxation of costs, within the meaning of the District Court's Rule 23 (a).[4] The costs claimed in the bill aggregated $987.50. The bill contained an itemized schedule thereof. One item was as follows: "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, $434.40."

Attached to and served with the bill was an affidavit of appellee's attorney stating that the costs claimed in the bill were correct and were necessarily incurred, and that the services for which fees were charged were actually and necessarily performed. Also attached to and served with the bill was a notice stating that appellee's attorney would "appear

before the clerk to tax said costs" at 10:00 A.M. on January 17, 1956. Appellant did not, at or before that time, object to the bill or any item thereof. No objection having been made, all costs claimed in the bill, including the item of $434.40, were allowed and taxed by the clerk at 10:30 A.M. on January 17, 1956.

█ On January 19, 1956—two days after the clerk's decision[5]—appellant filed the following objection: "Defendant [appellant] objects to the following item on the grounds stated below, in the bill of costs filed herein by plaintiff [appellee] on January 13, 1956: Fees of the court reporter, $434.40. This represents the cost of a copy of a daily transcript purchased by plaintiff for its own use and convenience,[6] which is not taxable against defendant." The objection be-

---

3. Section 1920 provides:

"A judge or clerk of any court of the United States may tax as costs the following: * * *

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; * * *

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

Section 1924 provides:

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

4. Rule 23(a), West's Ann.Code, provides:

"(1) Application to the Clerk. Within five days after notice of the entry of a judgment allowing costs, the prevailing party shall serve on the attorney for the adverse party and file with the Clerk an application for the taxation of costs. The application shall contain an itemized schedule of the costs and a statement signed by the attorney for the applicant that the schedule is correct and that the costs were necessarily incurred. The application shall be heard by the Clerk, not less than one nor more than

three days after it is served, and notice of the time of hearing shall be endorsed upon it. * * *

"(2) Objections. Upon the hearing, specific objections, supported by affidavits or other evidence, may be made to any item of costs. The Clerk shall thereupon tax the costs, and if there is no appeal, shall insert the amount of costs taxed in the blank left in the judgment, and also in the docket.

"(3) Review. A dissatisfied party may take an immediate oral appeal to the [District] Court from the decision of the Clerk if the opposing party is present; or may appeal upon written motion served within five days of the Clerk's decision, as provided in Rule 54(d), F.R. of C.P. Appeals shall be heard upon the same papers and evidence submitted to the Clerk."

Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

" * * * Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

5. In this opinion, as in paragraph (3) of the District Court's Rule 23(a), supra, the action of the clerk in allowing and taxing costs is called a decision.

6. The objection was not supported by any affidavit or other evidence. The affidavit attached to the bill was not controverted by the objection or at all.

ing untimely, the clerk was not required to consider it and did not consider it.

■ No appeal was taken from the clerk's decision.[7] The time within which such an appeal could have been taken expired on January 22, 1956.[8] Thus, on January 22, 1956, the clerk's decision became final.

However, on January 26, 1956, the District Court made and entered the following order: "Defendant [appellant] has appealed from the ruling of the clerk of the [District] Court[9] allowing as an item of cost a transcript obtained by the Government [appellee] for its use during the trial. 28 U.S.C.A. § 1920(2) provides that a court may tax as costs 'Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; * * *' The [District] Court finds that the stenographic transcript was necessarily obtained by counsel for plaintiff [appellee] for use in the trial of the case.[10] Accordingly, it is ordered that defendant's objection to the allowance of cost in the amount of $434.40 for the transcript be, and the same hereby is, overruled and the item is allowed." The clerk's decision having become final on January 22, 1956, the order of January 26, 1956, had no effect. It benefited no one, aggrieved no one.

■ On February 3, 1956, appellant took two appeals—one from the judgment entered on January 12, 1956, and one from the order of January 26, 1956. The appeal taken on February 3, 1956, from the judgment entered on January 12, 1956, is dismissed because it was not taken within the 10-day period mentioned in Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The appeal from the order of January 26, 1956, is dismissed because appellant was not aggrieved by that order and therefore had no right to appeal from it.[11]

There remains for consideration the appeal taken on January 12, 1956, from the judgment entered on January 12, 1956—the only valid appeal in this case.

In appellant's brief, four alleged errors are specified.[12] Specification 1 is that the District Court erred "in overruling appellant's objections to testimony of the witness Brady[13] as to appellant's gross receipts and his net income, and in thereafter denying appellant's motion to strike such testimony."

■ Specification 1 does not, as required by our Rule 18,[14] quote the grounds urged at the trial for the objections and the full substance of the testimony referred to. We are therefore not required to consider this specification.[15]

7. The objection filed on January 19, 1956, did not purport to be and obviously was not an appeal.

8. See paragraph (3) of the District Court's Rule 23(a), supra.

9. Actually, there was no such appeal.

10. This finding has not been challenged.

11. United States v. Adamant Co., 9 Cir., 197 F.2d 1; 4 C.J.S., Appeal and Error, § 183; 2 Am.Jur., Appeal and Error, § 152. As to whether the order of January 26, 1956, would have been appealable if appellant had been aggrieved by it, we express no opinion. See, however, Walker v. Lee, 9 Cir., 71 F.2d 622.

12. Our Rule 18, West's Ann.Code, (formerly Rule 20) provides:
"1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *.
"2. This brief shall contain * * *
"(d) In all cases a specification of errors relied upon which shall be numbered and shall set out separately and particuly each error intended to be urged. When the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. * * *"

13. Augustus V. Brady, a witness for appellee.

14. See footnote 12.

15. Ziegler v. United States, 9 Cir., 174 F. 2d 439; Mosca v. United States, 9 Cir.,

However, we have considered it and find no merit in it.

Specification 2 is that the District Court erred in refusing to give the jury the following instruction requested by appellant: "There is only one state of mind that will supply the intent necessary to warrant a conviction in this case, and that is the intent to defeat or evade the tax due. Filing a false return with any other bad purpose would not supply the necessary intent. Nor would filing a false return without a justifiable excuse, or with a careless disregard for whether or not one has the right to do so, constitute, in themselves, the intent which is required by the law. You may find the defendant [appellant] guilty in this case only if you find that he knowingly filed a false return with the intention of evading or defeating the tax due."

The jury was adequately instructed as to the intent necessary to warrant a conviction in this case.[16] The requested instruction referred to in specification 2 was therefore unnecessary and was properly refused.[17]

Specification 3 is that the District Court erred in refusing to give the jury the following instruction requested by appellant: "The defendant [appellant] is charged with willfully attempting to evade and defeat his income taxes and those of his wife for the calendar year 1950, an offense which is a felony.[18] If you are not convinced that the defend-

174 F.2d 448; DuVerney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109; Cly v. United States, 9 Cir., 201 F.2d 806; Gordon v. United States, 9 Cir., 202 F. 2d 596.

16. The instructions given were, in part, as follows:

"To establish its case, the Government [appellee] must prove beyond a reasonable doubt both of the following elements:

"1. That substantial income tax was due and owing from the defendant [appellant] in addition to that declared in his income tax return; and

"Second, that the defendant willfully attempted to evade and defeat such tax.

"The gist of the offense charged in the indictment is a willful attempt on the part of the taxpayer to evade or defeat the tax imposed by the income tax law. The word 'attempt,' as used in this law, involves two things:

"1. An intent to evade or defeat the tax, and

"Second, some act done in furtherance of such intent. * * *

"There are various schemes, subterfuges and devices that may be resorted to to evade or defeat the tax. The one alleged in this indictment is that of filing a false and fraudulent return with the intent to defeat the tax or liability. * * *

"The attempt to evade and defeat the tax must be a willful attempt; that is to say, it must be made with the intent to keep from the Government a tax imposed by the income tax laws which it was the duty of the defendant to pay to the Government. The attempt must be willful, that is, intentionally done with the intent that the Government should be defrauded of the income tax from the defendant at bar. * * *

"Before the defendant in this case can be found guilty of the alleged charge set forth in the indictment it must be established by the evidence beyond a reasonable doubt that the defendant had the specific intent to commit the acts therein alleged.

"If, in your judgment as jurors, the prosecution fails to prove such specific intent beyond a reasonable doubt, or if after considering all of the evidence, you or any of you entertain a reasonable doubt as to whether the defendant had such specific intent, then you must return a verdict finding the defendant not guilty."

17. Chevillard v. United States, 9 Cir., 155 F.2d 929; Nye & Nissen v. United States, 9 Cir., 168 F.2d 846; Todorow v. United States, 9 Cir., 173 F.2d 439; Himmelfarb v. United States, 9 Cir., 175 F.2d 924; D'Aquino v. United States, 9 Cir., 192 F.2d 338; McFee v. United States, 9 Cir., 206 F.2d 872; Lemke v. United States, 9 Cir., 211 F.2d 73; Silva v. United States, 9 Cir., 212 F.2d 422; Randall v. United States, 9 Cir., 215 F.2d 587.

18. See § 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), supra.

ant is guilty of this offense, but you are convinced beyond a reasonable doubt that he willfully failed to pay his correct income tax for the year 1950, you may find him guilty of this lesser offense, which is a misdemeanor." [19]

Appellant contends that, under Rule 31(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.,[20] he was entitled to the requested instruction referred to in specification 3. The contention is rejected, for obviously the "lesser offense" mentioned in the requested instruction was not necessarily included in the offense with which appellant was charged.[21] The requested instruction was properly refused.

Specification 4 is that the District Court erred in overruling appellant's objection to the item of $434.40 claimed as costs by appellee. Thus, in effect, appellant specifies as error that part of the order of January 26, 1956, which overruled or purported to overrule the objection filed by appellant on January 19, 1956.

As indicated above, the order of January 26, 1956, had no effect. Therefore appellant cannot be said to have been prejudiced by it or by any part of it. Furthermore, as indicated above, the appeal we are now considering—the only valid appeal in this case—was taken on January 12, 1956. Therefore the order of January 26, 1956, is not, nor is any part of it, reviewable on this appeal.[22]

Judgment affirmed.

---

19. See § 145(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(a), which provided: "Any person required under this chapter to pay any estimated tax or tax, * * * who willfully fails to pay such estimated tax or tax, * * * at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

20. Rule 31(c) provides: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

21. United States v. Kafes, 3 Cir., 214 F.2d 887; Dillon v. United States, 8 Cir., 218 F.2d 97. See also Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L. Ed. 418; Berra v. United States, 351 U.S. 131, 76 S.Ct. 685.

22. United States v. Asher, 9 Cir., 111 F.2d 59.