**Robert L. BAKER, Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION and Edward D. Jones & Co., Respondents.**

**No. 81–1216.**

United States Court of Appeals, Tenth Circuit.

Submitted Aug. 31, 1981.

Decided Oct. 16, 1981.

Walter A. Steele, James D. Hinga and John M. Lebsack of White & Steele, P.C., Denver, Colo., for petitioner.

Gregory C. Glynn, Associate Gen. Counsel, Joan L. Loizeaux and Susan A. Arnold, Commodity Futures Trading Commission, Washington, D.C., for respondents.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument

would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

■ Petitioner is an individual investor who charged a registered commodity futures broker with violations of the antifraud provisions of the Commodity Exchange Act. *See* Section 4b of the Act, 7 U.S.C. § 6b (1980). The decision of the administrative law judge—favorable to petitioner—was reversed by the Commodity Futures Trading Commission. Petitioner received notice of the Commission's decision on January 31, 1981. His petition for review in this court was filed February 25, 1981. The Commission has moved for dismissal on the ground that the petition was not filed within the fifteen-day time period allowed by statute. *See* Section 6(b), Commodity Exchange Act, 7 U.S.C. § 9 (1980). Petitioner argues that the statutory time limit for filing an appeal was intended to apply only against a registrant who is held to have violated the Commodity Exchange Act and not against an investor who brought the complaint. In the alternative, petitioner argues that he should be excused from compliance with the statute on equitable grounds because he appeared pro se before the Commission and because the statute is confusing.

The procedure for obtaining review in this court of an order of the Commission is provided in Sections 14(g) and 6(b) of the Commodity Exchange Act, 7 U.S.C. §§ 18(g) and 9 (1980).

Section 14(g) of the Act provides the right to appeal:

Any order of the Commission entered hereunder shall be reviewable on petition of *any party aggrieved* thereby, by the United States Court of Appeals ... *under the procedure provided in section 9 of this title.* Such appeal shall not be effective unless within 30 days from and after the date of the reparation order the appellant *also files* with the clerk of the court a bond in double the amount of the reparation awarded against the appellant .... (emphasis added)

Section 6(b) of the Act provides the appeal procedure:

After the issuance of the order by the Commission, the person against whom it is issued may obtain a review of such order ... by filing in the United States court of appeals ... a written petition, *within fifteen days after the notice of such order is given* to the offending person praying that the order of the Commission be set aside .... (emphasis added)

In order to appeal, "any party aggrieved" must file a petition for review within fifteen days of receiving notice of the Commission's finding. An additional requirement is imposed upon a registrant-petitioner against whom a reparation award has been made. He must post a bond within thirty days from and after the reparation order. Although these statutes are not artfully drawn, it is clear that Congress intended the bond requirement to apply only to a registrant-petitioner and that "the offending person" referred to in the procedure equates to "any party aggrieved" by the Commission's order. Any other interpretation would leave an investor-petitioner without a right of appeal. It is clear that Congress did not intend that result.

■■ The time prescribed by law in Section 6(b) of the Act, 7 U.S.C. § 9 (1980), is mandatory and jurisdictional. *Gooch v. Skelly Oil Co.*, 493 F.2d 366 (10th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). We find none of the equitable considerations upon which the Court relied in *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), and *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), present in this case. Petitioner was not actively misled by the court into filing after the fifteen-day deadline; this was a civil, rather than criminal, matter; and, although petitioner originally proceeded pro se, he

had counsel before the time limit for appeal had expired.

Motion to dismiss as untimely is granted. Appeal dismissed. The mandate shall issue forthwith.