993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ADAMS INSULATION COMPANY, INC., Plaintiff-Appellant,
v.
ORANGE COUNTY DISTRICT COUNCIL OF CARPENTERS; American
Federation of Labor and Congress of Industrial
Organizations; Carpenters Local Union No. 2361; Carpenters
Local Union No. 1506; Los Angeles County District Council
of Carpenters; Ventura County District Council of
Carpenters, et al., Defendants-Appellee.
 
 No. 91-56428.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided May 6, 1993.
 Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 The appellant, Adams Insulation, brought suit against a number of labor unions alleging a conspiracy in violation of federal Antitrust law. After judgment was entered against Adams Insulation in the district court, the defendant unions filed a motion to bill costs. On October 30, 1991, the unions filed a notice indicating that their application for costs would be presented to the clerk of the court on November 13, 1991.
 
 
 2
 Under Local Rule 16.5 of the Central District of California, a party must file objections to items specified in a Bill of Costs no later than seven days before the date noticed for the application. Adams Insulation filed a memorandum in opposition to the unions' motion to bill costs on November 12, 1991, one day before the date noticed for the application. Thus, Adams Insulation's objection was untimely and the clerk was entitled to disregard it. See Lee v. United States, 238 F.2d 341, 343-44 (9th Cir.1956).
 
 
 3
 Both Federal Rule of Civil Procedure 54(d) and Local Rule 16.7 of the Central District of California provide a mechanism through which a party may seek district court review of the clerk's assessment of costs. Adams Insulation, however, made no effort to request district court review of the clerk's award. We therefore have no power to review the ruling of the clerk. Jacobson v. Rose, 592 F.2d 515, 521 (9th Cir.1978) (quoting Guffey v. Alaska & P.S.S. Co., 130 F. 271, 279 (9th Cir.1904)), cert. denied, 442 U.S. 930 (1979).
 
 
 4
 APPEAL DISMISSED.