George **LORENZ** and Bette Lorenz,
Plaintiffs–Appellees,

v.

**VALLEY FORGE INSURANCE COMPANY, Defendant–Appellant.**

No. 93–2980.

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1994.

Decided May 11, 1994.

Bruce A. Lambka (argued), Crown Point, IN, for plaintiffs-appellees.

James T. Crotty (argued), Timothy F. Kelly, Crotty & Chacon, Chicago, IL, Karl K. Vanzo, Munster, IN, for defendant-appellant.

Before POSNER, Chief Judge, and ESCHBACH and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

For more than a decade George and Bette Lorenz have been locked in battle with Valley Forge Insurance Company about a claim for fire damage to their home. Valley Forge concluded that the blaze had been set deliberately and refused to pay. A jury concluded in April 1988 that Valley Forge owed $8,564 for fire damage but rebuffed the Lorenzes' plea for punitive damages. Post-trial proceedings consumed three years. An appeal was filed and dismissed, leaving the verdict in place.

A month after the verdict the clerk of the district court taxed costs against the Lorenzes. No one paid much attention, for each side previously had filed a memorandum with the magistrate judge (presiding by consent under 28 U.S.C. § 636(c)) asking for an award of costs in its favor. These requests languished during the three years the judge took to rule on substantive post-trial motions. Finally, in July 1993, after the Lorenzes' appeal on the merits had been dismissed for failure to prosecute, the judge taxed costs against Valley Forge in the amount of $4,703. From this order Valley Forge has appealed. Since the insurance company surely has paid more than $4,703 to its lawyers on this appeal, we get the impression that Valley Forge is determined to fight to the death rather than allow arsonists to recover a penny—even after the jury decided that question against it.

Although it does not contest the calculation of costs, Valley Forge insists that the magistrate judge lacked the power to award them. Valley Forge believes that the district court "lost jurisdiction" when the case was appealed. But costs are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending. *Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 511 (7th Cir.1989); *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119–20 (7th Cir.1991). Cf. *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). What is more, by the time the magistrate judge turned to the requests for costs, the appeal had been dismissed. The principle that only one court has jurisdiction at a time, see *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989), thus

does not undermine the award of costs in this case.

Only one feature of the case offers Valley Forge a glimmer of hope. The clerk's order taxing costs was entered on May 11, 1988. Both sides had previously filed bills of costs and memoranda on the subject. Out of an excess of caution—for the clerk's indifference to the parties' filings, coupled with an award of costs in favor of the loser in the case, did not bode well—the Lorenzes filed an explicit objection to the clerk's calculation. According to Fed.R.Civ.P. 54(d)(1), they had five days to serve the objection; they took eight, acting on May 19. Although Fed.R.Civ.P. 6(a) excludes weekends and holidays from the calculation when the rules require action in fewer than 11 days, this gets the Lorenzes only to May 18. They do not have a further three days under Rule 6(e), for the time starts with the entry of the clerk's order rather than service of that order. So the objection was one day late. As Valley Forge sees things, the district court lacked "jurisdiction" to alter the clerk's order.

Rule 54(d)(1) does not use jurisdictional language. Some rules not only establish time limits but also limit or forbid extensions, and action taken after the time allotted by these rules may be said to exceed the court's power, and hence its "jurisdiction." Otherwise the ban on extensions has no bite; the fact of an unauthorized extension would supply the power the court needed for belated action. But Fed.R.Civ.P. 6(b) permits a court to extend the time (even after its expiration) under all but a few rules. Because the district court could enlarge the time to object to the award of costs, it is impossible to characterize a filing one day late as depriving the court of "jurisdiction." Cf. *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994) (untimely objection to a magistrate's recommended decision does not deprive the district court of "jurisdiction" to reach an independent decision on the subject). The most that may be said is that a particular extension was improvident. That, however, is not a jurisdictional deficiency—and Valley Forge does not contend that the magistrate judge abused his discretion by accepting an objection, filed one day out of time, tracking submissions that were already on file. Its argument is based on power rather than prudence.

Although we cannot imagine how delay in filing a motion can be a jurisdictional shortcoming when the court freely may extend the time, we acknowledge that one court has implied that a judge indeed lacks power to rule on an untimely objection to a bill of costs. *Lee v. United States*, 238 F.2d 341 (9th Cir.1956), a criminal case (and therefore one to which Civil Rule 54(d)(1) did not apply), apparently equated the expiration of the time to object with the expiration of the time to appeal. In *Lee* the time to appeal the award of costs ran before either side asked the district judge to review the award, and the court held that a later order by the district court was a nullity; the court did not mention the district judge's power to grant extensions of time to file objections. No matter what one makes of *Lee*, we are convinced that the five-day limit in Rule 54(d)(1) has no jurisdictional significance. Accord, *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 n. 6 (5th Cir. 1990); *Baum v. United States*, 432 F.2d 85 (5th Cir.1970).

Affirmed