65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorothy HOLLCROFT, Plaintiff-Appellant,
v.
Lloyd BENTSEN, Secretary of the Treasury, Defendant-Appellee.
 No. 94-15211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1995.
Decided Aug. 16, 1995.
 
 Before: SNEED, CANBY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts of the case; we will not recite them here. We affirm the district court's judgment after trial for the Secretary of the Treasury. We also conclude that we are without jurisdiction to review the district court's taxing of costs to Ms. Hollcroft; thus, the imposition of those costs stands.
 
 
 3
 I. Judgment for the Secretary.
 
 
 4
 Each of Hollcroft's arguments on appeal challenges the district court's findings of fact. We therefore conduct our review under a highly deferential standard; we will reverse only if the district court clearly erred in making those findings. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 5
 The case was fully tried and the court had ample evidence to support every factual finding that Hollcroft now challenges. Upon review of the record, we are satisfied that the district court did not clearly err in discounting the evidence adduced by Hollcroft pertaining to her steady improvement in her previous position as an Office Auditor. The United States introduced into the record ample evidence to mitigate both the relevance and weight of Hollcroft's evidence.
 
 
 6
 We are also convinced that the district court did not clearly err in weighing either her testimony about the relative complexities of the Office Auditor and Revenue Agent positions, or evidence that she was required to carry over several cases from her Office Audit post during her Revenue Agent training period. Given the complete body of evidence, we are simply not left with a "definite and firm conviction that a mistake has been committed" by the district court. Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 113 S.Ct. 2264, 2280 (1993) (setting forth criterion for finding clear error). We therefore affirm the district court's judgment for the Secretary.
 
 
 7
 II. Assignment of Costs.
 
 
 8
 Rule 54(d)(1) of the Federal Rules of Civil Procedure provides the mechanism by which a party may move the district court to review the clerk's taxing of costs. We have rigidly enforced the requirement that parties first follow the procedures set forth in Rule 54 and petition the district court for review of its own action before seeking appellate review. Lee v. United States, 238 F.2d 341 (9th Cir.1956). We do so because the district court obviously is in a better position to determine whether such an assessment is proper. Because Hollcroft failed to follow Rule 54's procedures, Lee precludes us from reviewing on appeal the district court's taxation of costs.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3