**Michael J. CLARK, Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Respondent.**

**Docket No. 97–4228.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 9, 1997.

Decided Oct. 5, 1997.

Michael J. Clark, Eatontown, NJ, submitted a pro se brief.

Glynn L. Mays, Senior Asst. General Counsel, Janene M. Smith, Commodity Futures Trading, Washington, DC, submitted a brief for respondent.

Before: WINTER, Chief Judge, and NEWMAN and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

■ This motion to dismiss as untimely a petition to review an administrative agency decision presents the issue of whether a statutory time limit has such a strict jurisdictional effect that it must be enforced regardless of any relevant circumstances justifying a late filing. The Commodity Futures Trading Commission ("CFTC") moves to dismiss the petition of Michael J. Clark seeking review of the CFTC's April 22, 1997, order revoking Clark's floor broker registration, and the CFTC's order of June 10, 1997, denying reconsideration of the April 22 order. We conclude that compliance with the 15–day time period for filing a petition for review of CFTC orders is not an absolute jurisdictional requirement and that the circumstances of this proceeding justify the filing, which occurred within 60 days of notice of the agency's final action. We therefore deny the motion to dismiss.

A petition for review of a CFTC order is to be filed "in the United States court of appeals of the circuit in which the petitioner is doing business ... within fifteen days after the notice of such order is given to the offending person." 7 U.S.C. § 9 (1994). The CFTC acknowledges that Clark timely sought reconsideration of the Commission's April 22 order, and that the pendency of the reconsideration request precluded judicial re-

view. *See ICC v. Brotherhood of Locomotive Engineers,* 482 U.S. 270, 284–85, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987). It contends, however, that the 15–day period specified in section 9 started on June 17, when Clark was served with the CFTC's order of June 10, denying reconsideration of the April 22 order, and ended on July 2. Clark's petition for review was filed in this Court on August 8, 37 days after July 2.

Clark asserts the following circumstances to excuse his filing beyond the 15–day period. First, during April, May, and June, he called a lawyer in the CFTC's Office of the General Counsel at least 20 times, during the course of which he asked what procedures were required for seeking judicial review. He contends that the CFTC lawyer told him that if his motion for agency reconsideration was denied, he would have to follow "the Federal appellate rules regarding an appeal." Affidavit of Michael J. Clark in Opposition to Motion to Dismiss ¶ 7. Second, his papers to the CFTC supporting his request for reconsideration indicated that he was seeking judicial review as an alternative to agency reconsideration. Third, he consulted the *pro se* clerk in the District Court for the Southern District of New York and was told that since his civil "appeal" involved a Government agency, he had 60 days to appeal. *Id.* ¶ 8. Fourth, on four occasions, personnel of the *pro se* office of this Court told him that he had 60 days to appeal. *Id.* ¶ 9. Fifth, he read Rule 15(a) of the Federal Rules of Appellate Procedure, specifying that a petition for review of an agency decision must be filed "within the time prescribed by law," examined the Appellate Rules for applicable time limits, and found Rule 4(a), which requires filing a notice of appeal from a district court judgment where the United States is a party within 60 days of entry of the judgment. *Id.* ¶¶ 10, 11. Clark notes that his petition for review was filed within 60 days of the CFTC's final order.

■ Though appellate time limits are normally considered jurisdictional, as to both an appeal from a judgment of a district court, *see, e.g., Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978), and a petition to

review an agency decision, *see, e.g., Baker v. CFTC,* 661 F.2d 871, 872 (10th Cir.1981), some slight flexibility has been shown with respect to agency proceedings, *see, e.g., Hernandez–Rivera v. INS,* 630 F.2d 1352, 1354–55 (9th Cir.1980), and, in very limited circumstances, to judicial proceedings, *see, e.g., Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). This Court has overlooked a lack of formal compliance with the procedure for petitioning for review of an order of the CFTC where the petitioner was proceeding *pro se* and had timely informed the Commission of his intention to appeal. *See Haltmier v. CFTC,* 554 F.2d 556, 559 n. 1 (2d Cir.1977).

In the pending matter, the petitioner is *pro se,* he informed the CFTC that he intended to appeal, and, quite understandably, he was incorrectly advised by court personnel that the 60–day time limit for appeals from a district court in Government agency cases was applicable to this petition for review. Moreover, the petition was filed within 60 days of the CFTC's final order and only a slight interval beyond the brief 15–day period specified in section 9. Under all the circumstances, we will deny the motion to dismiss the appeal.

Petitioner's requests to stay the CFTC's orders, to order the CFTC to comply with petitioner's requests for documents, and to grant the petition for review, contained in his papers opposing the motion to dismiss, are all denied, without prejudice to renewal before the panel considering the merits of the petition.