**Patricia COSGROVE, Plaintiff–Appellant,**

v.

**SEARS, ROEBUCK, & COMPANY, Defendant–Appellee.**

**Docket No. 97–7881**

United States Court of Appeals, Second Circuit.

Argued: Feb. 10, 1999

Decided: Sept. 01, 1999

Patricia Cosgrove, Pro Se, New York, N.Y.

Pamela S. Horowitz, Washington, DC (Advocates at Law Chartered, Washing-

ton, DC, Arthur J. Ginsburg, Frankfurt, Garbus, Klein & Selz, New York, NY, of counsel), for Defendant-Appellee.

BEFORE: Parker and Van Graafeiland, Circuit Judges, and Mishler, District Judge.*

PER CURIAM.

Plaintiff-appellant Patricia Cosgrove ("Cosgrove" or "Plaintiff"), *pro se*, appeals from a judgment entered in the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge*) declining to consider Cosgrove's objection to the bill of costs submitted by defendant-appellee Sears, Roebuck, and Company ("Sears" or "Defendant"). For the reasons set forth below, we vacate and remand the case to the district court for further proceedings.

## I. BACKGROUND

In 1981, Cosgrove filed an employment discrimination complaint against Sears, in the U.S. District Court for the Southern District of New York, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that: (1) Sears discriminated against her in both compensation and promotion based upon her gender, in violation of 42 U.S.C. § 2000e–2(a)(1); (2) Sears retaliated against her, and eventually fired her, following a sex discrimination complaint filed with the Equal Employment Opportunity Commission ("EEOC"), in violation of 42 U.S.C. § 2000e–3(a); (3) she had been the object of harassment in the workplace; and (4) following her termination, Sears impeded her efforts to obtain new employment. On January 10, 1992, following a bench trial, the district court (Charles S. Haight, Jr., *Judge*) determined that Cosgrove had failed to prove any of her claims and dismissed her complaint. *Cosgrove v. Sears, Roebuck & Co.*, No. 81 Civ. 3482, 1992 WL 8718 (S.D.N.Y. Jan.10, 1992). Cosgrove filed a timely notice of appeal.

On appeal, this Court affirmed the district court's judgment dismissing Cosgrove's claims of gender discrimination, sexual harassment and post-termination retaliation and reversed the district court's judgment regarding Cosgrove's retaliatory discharge claim. *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1042 (2d Cir. 1993). We concluded that Cosgrove is "entitled not only to prevail on her retaliatory discharge claim but is also entitled to remedial relief for the period between when she was discharged based upon the discriminatory factor and when she would have been discharged based upon her performance alone." *Id.* at 1041. We remanded the case to the district court for a calculation of her damages.[1]

On remand, following an evidentiary hearing on the issue of damages, the district court awarded Cosgrove $4,550 in back pay plus pre-judgment interest at a rate of 9% annually. *Cosgrove v. Sears, Roebuck & Co.*, 1995 WL 463103, at *9 (S.D.N.Y. Aug.3, 1995). This Court affirmed the award. *Cosgrove v. Sears, Roebuck & Co.*, 104 F.3d 355 (2d Cir.1996).

Cosgrove's previous counsel, Noah A. Kinigstein, moved for an award of approximately $270,000 of reasonable attorneys' fees and costs under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–5(k). The district court (1) determined that "[s]ince plaintiff was awarded $4,550 in damages on her retaliatory discharge claim, she qualifies as a prevailing party"; but (2) found that in light of the fact that Cosgrove prevailed only as to the retaliatory discharge claim, "the award Kinigstein seeks is clearly excessive,"[2] and therefore

---

* Hon. Jacob Mishler, United States District Court for the Eastern District of New York, sitting by designation.

1. On May 13, 1994, this case was reassigned to Judge Allen G. Schwartz.

2. The district court also determined that an hourly rate of $235 (rather than Kinigstein's requested hourly rate of $310) more accurately reflected the prevailing market rates in New York.

found that he was "entitled to twenty percent of his requested fee, exclusive of that portion relating to the hours spent after his discharge."[3] This amount was calculated as $47,234, plus disbursements of $121.50 for a total of $47,355.50. *Cosgrove v. Sears, Roebuck & Co.,* 1996 WL 99390, 81 Civ. 3482 (S.D.N.Y. Mar. 7, 1996).

On March 6, 1997, the Clerk of the Court signed a bill of costs for Sears, which the district court entered in favor of Sears in the total amount of $7,938.70 on March 11, 1997. The bill of costs stated that, "[J]udgment having been entered in the [*Cosgrove v. Sears, Roebuck & Co.*] action on January 23, 1992 against Patricia Cosgrove, the Clerk is requested to tax the following as costs:" (1) $3,733.29 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; (2) $4,176.00 for fees for witnesses; and (3) $29.41 for fees for exemplification and copies of papers necessarily obtained for use in the case.

According to Cosgrove, on March 12, 1997, she filed her objections to Sears' bill of costs with the district court, but the district court's *pro se* office returned the documents to her on the ground that the case was closed. There appears to be documentary support for Cosgrove's claim. The appendix on appeal contains a pleading (from Cosgrove) entitled Bill of Costs, dated March 12, 1997, which indicates that as prevailing party Cosgrove rather than Sears is entitled to costs. (Appellant's Exhibit A14). Also, Cosgrove's Exhibit A1 includes a letter dated March 14, 1997 to Cosgrove from the *pro se* clerk purporting to respond to papers received on March 13, 1997, indicating that they were being returned because the case had been previously dismissed.

Thereafter, Cosgrove sent a letter to the district court dated May 26, 1997, objecting to the bill of costs. By Order dated May 29, 1997, the district court declined to consider Cosgrove's objection. In its Order, the district court briefly set forth the procedural history of the case and stated:

On March 6, 1997, the Clerk of the Court taxed defendant's costs for those claims with regard to which defendant prevailed before Judge Haight. Federal Rule of Civil Procedure 54(d) provides that "[c]osts may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Plaintiff Cosgrove submitted her opposition to defendant's Bill of Costs on May 26, 1997, well after the end of the five day period established by Federal Rule 54(d). Although Cosgrove claims that she previously (no date specified) sent an objection to the Court, the court file contains no objection from Cosgrove other than her May 26, 1997 submission. Accordingly, the Court declines to consider Cosgrove's objection to defendant's Bill of Costs.

It therefore appears that Cosgrove may well have attempted to file an objection of which the court was unaware.

Cosgrove filed a timely notice of appeal on June 30, 1997, contending principally that as the prevailing party in her Title VII action, it was improper for the district court to award costs to Sears. Sears moved to dismiss the appeal and this Court denied the motion in February 1998.[4]

---

3. Following the bench trial, Cosgrove informed Kinigstein that she would thereafter proceed *pro se.* Despite his client's decision, Kinigstein elected to act as *amicus curiae* and filed an *amicus* brief with the Second Circuit in Cosgrove's appeal. The portion of Kinigstein's fee request relating to the hours spent after his discharge amounts to approximately $35,650.

4. This Court directed the parties to brief the following issues, in addition to any other non-frivolous issues the parties wished to address: (1) whether Cosgrove timely filed objections to the bill of costs; (2)whether Cosgrove should have been advised of the consequences of failure to file objections to the bill of costs; (3) whether Cosgrove was the prevailing party; and (4) whether the standard enunciated in *Christiansburg Garment Co. v. EEOC,* 434

## II.  DISCUSSION

Fed.R.Civ.P. 54(d), entitled "Costs; Attorneys' Fees," states in relevant part as follows:

> (1) Costs Other Than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.... Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d)(1).

■■■ Defendant argues that even if Plaintiff did file an objection on March 12, 1997, it was untimely. Although the clerk taxed Defendant's costs to Plaintiff on March 6, 1997, entry did not occur until March 11, 1997. The objection was allegedly filed on the 12th or 13th of March 1997. By the Rule, Plaintiff had five days to file. If the five-day period runs from date of entry, the filing was obviously timely. Even if it were to run from March 6th, it was timely since a weekend (which is not counted) intervened, so that the fifth day would have run on March 13th. In any event, the court has discretionary authority to extend the time limit under such circumstances. Fed.R.Civ.P. 6(b); *see also Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir.1994).

■■■ In her objection to the bill of costs, Plaintiff contends that because her Title VII claims against Defendant were not "useless, baseless or frivolous," the assessment of costs against her was erroneous. We disagree. Fed.R.Civ.P. 54(d) grants costs to a prevailing party as a matter of course in the absence of a countervailing

statute or rule, unless the trial judge directs otherwise. Notably, this Court directed the parties to address whether the standard enunciated in *Christiansburg Garment Co.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), for assessing attorney's fees for a prevailing defendant in a Title VII action, should apply to the assessment of costs in this action.

In *Christiansburg*, the Supreme Court, in interpreting 42 U.S.C. § 2000e–5(k) of Title VII,[5] held that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless ..." 434 U.S. at 422, 98 S.Ct. 694; *accord American Federation of State County and Municipal Employees, AFL–CIO v. County of Nassau*, 96 F.3d 644, 650 (2d Cir. 1996). We see no reason, however, to apply the same type of heightened standard to the assessment of costs. *See Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir.1982)(declining to extend *Christiansburg* standard to costs assessment); *Trevino v. Holly Sugar Corp.*, 811 F.2d 896, 906 (5th Cir.1987)(holding that the fact that Title VII suit was not frivolous did not preclude award of costs to defendant).

In *Poe*, a Title VII plaintiff sought to apply the standard announced in *Christiansburg* to the assessment of costs against a losing Title VII plaintiff. 695 F.2d at 1108. In rejecting the plaintiff's attempt to invoke the *Christiansburg* standard to an award of costs, the court found that "[w]hereas the magnitude and unpredictability of attorney's fees would deter parties with meritorious claims from litigation, the costs of the suit in the traditional sense are predictable and, compared to the costs of attorney's fees, small." *Id.* (citing *Baez v. United States Dep't of Justice*, 684 F.2d 999, 1003 (D.C.Cir.1982)(en

U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) should apply to an award of costs in this case.

**5.**  42 U.S.C. § 2000e–5(k) provides:

In any action or proceeding under this subchapter the court, in its discretion, may

allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

banc)). The court held that "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present." *Id.*

Accordingly, we hold that the decision of whether to award costs to Sears in this case under Fed.R.Civ.P. 54(d) "is committed to the sound discretion of the district court." *ARP Films, Inc. v. Marvel Entertainment Group, Inc.*, 952 F.2d 643, 651 (2d Cir.1991).

As a preliminary matter in the case before us, inasmuch as the district court appears to have been unaware that Cosgrove may have submitted opposition papers to the bill of costs which were returned to her by the district court's *pro se* office, this matter is remanded to the district court for consideration of whether there was such a filing and the timeliness of those papers under all of the circumstances. *See generally Clark v. Commodity Futures Trading Comm'n*, 126 F.3d 424 (2d Cir.1997).

■ Moreover, the district court determined that because Cosgrove was awarded $4,550 in her retaliatory discharge claim, she qualified as a prevailing party and her attorney was entitled to reasonable attorneys' fees. Notwithstanding, the district court entered a bill of costs in favor of Sears in the amount of $7,938.70 "for those claims with regard to which defendant prevailed before Judge Haight." In view of the fact that we reversed that judgment in part and found that Cosgrove made "a prima facie showing that Sears discharged her—retaliated—because she engaged in a protected activity—i.e., because she filed an EEOC complaint against Sears," *Sears*, 9 F.3d at 1039, it is unclear on the record before us the extent to which the district court determined Sears to be a prevailing party and the degree of success the district court found Sears obtained. *See Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)("the most critical factor in determining the reasonableness of a fee award is the degree of success obtained")(internal quotation marks omitted).

In addition, we are unable to ascertain on this record the basis upon which the district court imposed the costs, whether the costs were related solely to the claims on which Sears prevailed, and the computation and/or the apportionment of the costs. Further, it appears that a portion of the costs awarded may have been for daily transcripts or possibly for a transcript used in the appeal on which plaintiff prevailed. Also, there appears to have been substantial costs awarded for the wages of Sears employees who worked on the case. Since the district court was unaware of any objections having been filed, no reasons were given for the awarding of costs in these somewhat unusual circumstances.

Accordingly, we conclude that the record in the district court requires further development, and therefore remand this matter to the district court to explain the basis on which it awarded costs in favor of Sears, and to consider Cosgrove's alleged objections to the bill of costs.

## III. CONCLUSION

We have considered all of the parties' contentions that are properly before us on this appeal and, except as indicated above, have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings.