In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 24-2352

RUBEN SANTOYO,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO, *et al.,*

*Defendants-Appellees.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 1:22-cv-03559 — **Martha M. Pacold**, *Judge.*

———————

SUBMITTED MAY 9, 2025 — DECIDED JULY 7, 2025

———————

Before SCUDDER, ST. EVE, and KOLAR, *Circuit Judges.*

SCUDDER, *Circuit Judge.* In the course of litigation against
the City of Chicago and two of its police officers, Ruben San-
toyo filed many frivolous motions. The district judge warned
him that another would bring sanctions. When Santoyo disre-
garded the admonition and filed yet another baseless and in-
flammatory motion, the district judge sanctioned him. On ap-
peal Santoyo complains that the judge violated his right to
due process by neither notifying him of the forthcoming

sanction nor giving him an opportunity to respond. We disagree and affirm.

**I**

Proceeding without counsel, Santoyo invoked 42 U.S.C. § 1983 and challenged the constitutionality of an arrest. Throughout three years of litigation, he repeatedly filed frivolous motions. Many leveled unfounded attacks on the competence and integrity of the district judge handling his case. The judge repeatedly denied these motions and, exhibiting extraordinary patience, warned Santoyo no less than seven times that another frivolous filing would lead to sanctions.

In time the district judge entered summary judgment for the defendants and denied two motions to vacate the judgment. Santoyo appealed that denial. We address the denial of his post-judgment motions in a separate non-precedential order also issued today. Our opinion here focuses on the sanction that followed from Santoyo's failing to heed the district judge's warning that another baseless filing would have consequences.

As prevailing parties at summary judgment, the defendants moved to recover their costs while Santoyo's appeal was pending. Santoyo reacted not by engaging with the merits of the motion, but by accusing the defendants of acting in bad faith and insisting that the district judge refer defense counsel to the state bar for disciplinary action. By this point, the judge was out of patience. Alongside granting the defendants' motion for costs, the judge—on her own initiative—imposed a $1,500 sanction on Santoyo and referred him to the district's Executive Committee, which in turn barred future filings until he paid the sanction.

Santoyo challenges the sanction on appeal. Before considering the merits, however, we address his contention that the district court lacked jurisdiction to sanction him while his appeal was pending. He is mistaken: a notice of appeal does not divest a district court of its authority to award costs and consider related matters of sanctions. See *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994). Nor, by extension, does the pendency of an appeal. We need not say more on the point.

## II

As a general matter, before a federal court sanctions a litigant, the Due Process Clause of the Fifth Amendment requires fair notice and an opportunity to be heard. See *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 & n.14 (1980). The amount of process due varies according to the facts of each case and the deprivation at stake. See generally *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950).

But Santoyo misses the mark in how considerations of fair process apply here. In insisting he had no notice, he ignores what transpired in the district court, entirely disregarding the judge's clear warnings that another frivolous filing would bring sanctions. When Santoyo crossed the line yet again, he could not have been surprised at the ensuing consequences. As the Supreme Court put the point in *Link v. Wabash Railroad Co.*, "the adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." 370 U.S. 628, 632 (1962); see also *Martin v. D.C. Ct.*

*of Appeals*, 506 U.S. 1, 3 (1992) (sanctioning a petitioner for filing a frivolous petition for certiorari because the petitioner had filed ten frivolous petitions in one year, and the Court had previously warned him that "[f]uture similar filings" would "merit additional measures.").

Indeed, we have already rejected Santoyo's general contention that a district court must conduct a separate or formal hearing before imposing sanctions. See *Vega v. Chi. Bd. of Educ.*, 109 F.4th 948, 955 (7th Cir. 2024). Santoyo needed only notice of the district court's intent to impose sanctions sufficient to allow him a meaningful opportunity to respond or defend himself. See *id.*

He had it here. The district judge could not have been more transparent in warning Santoyo that another round of frivolous motions or baseless credibility attacks would earn sanctions. The record is unequivocal on this front. As just a small sampling—in an August 2023 order the judge informed Santoyo that it would impose sanctions if he continued to "file frivolous or repetitive motions." In a September 2023 order the judge informed Santoyo for the "final time" that it was considering assessing sanctions against him for his repetitive filings. And in a March 2024 order the judge, emphasizing his "extended pattern" of filing "frivolous motions seeking reconsideration and complaining of bias, impropriety, or misconduct when the court takes an action" he views as "adverse to his interests," gave Santoyo a final warning: "if plaintiff continues to file frivolous motions, the motions will be stricken and plaintiff will be sanctioned."

But instead of heeding that warning, Santoyo filed what was perhaps his most frivolous motion of all: he requested that the City of Chicago pay him attorney's fees for the time

spent responding to its motion for costs. He also wanted the City's counsel sanctioned and referred to the bar authorities. That was the final straw that drew the sanctions.

We see no error on these facts. To the contrary, we see a record replete with indications of fair notice to a party who had multiple opportunities to explain his perspective and avoid abusing the judicial process. Due process required no more, leaving us to AFFIRM.